**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Lisa A Shingle |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the : **Eastern** District of | **Pennsylvania** (State) |
| Case number | 23-12410-amc |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Wilmington Savings Fund Society. FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☒ No<br>☐ Yes    From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure | **Where should notices to the creditor be sent?**<br><br>**Fay Servicing, LLC<br>PO Box 814609<br>Dallas, TX 75381-4609**<br><br><br><br>Contact phone    (312) 291-3781<br>Contact email<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent?** (if different)<br><br>**Fay Servicing, LLC<br>PO Box 814609<br>Dallas, TX 75381-4609**<br><br><br><br>Contact phone    (312) 291-3781<br>Contact email |
| **4. Does this claim amend one already filed?** | ☒ No<br>☐ Yes    Claim number on court claims registry (if known) _____    Filed on _____ MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br>☐ Yes   Who made the earlier  filing? |

Official Form 410

| Debtor 1 | __Lisa A Shingle__ | Case number | __23-12410-amc__ |
|---|---|---|---|
| | First Name  Middle Name  Last Name | | |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 6325

---

**7. How much is the claim?**   $ 217,493.44

For leases state only the amount of default.

Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Money Loaned

---

**9. Is all or part of the claim secured?**

☐ No
☒ Yes.  The claim is secured by a lien on property.

Nature of property:
☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

Describe: 277 KILLIAN RD, Honey Brook, PA 19344

☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection:    Recorded Mortgage
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:        $_____

Amount of the claim that is secured:    $ 217,493.44

Amount of the claim that is unsecured: $ _____     (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $ 63,489.20

Annual Interest Rate (when case was filed) 3.6250%
☒ Fixed (Step-Rate)
☐ Variable

---

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Does this claim involve a right to setoff?**

☒ No

☐ Yes. Identify the property _____

Official Form 410

Debtor 1    <u>Lisa A Shingle</u>                                                  Case number   23-12410-amc

First Name    Middle Name    Last Name

| 12. **Is all or part of the claim Entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| **Part 3** | **Sign Below** |
|---|---|

| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.** | *Check the appropriate box*<br><br>☐ I am the creditor.<br><br>☒ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date    <u>10/17/2023</u>
                      MM/DD/YYYY

*/s/Dana   O'Brien*
       Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Dana   O'Brien | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent | | |
| Company | McCalla Raymer Leibert Pierce, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 1544 Old Alabama Road | | |
| | Number   Street | | |
| | Roswell | GA | 30076 |
| | City | State | ZIP Code |
| Contact Phone | (312) 346-9088 X5188 | Email | Dana.OBrien@mccalla.com |

(12/15)

# Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 23-12410-amc |
| Debtor 1: | Lisa A Shingle |
| Debtor 2: | |
| Last 4 digits to identify: | 6325 |
| Creditor: | Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I |
| Servicer: | Fay Servicing, LLC |
| Fixed accrual/daily simple interest/other: | Fixed (Step-Rate) |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | $163,786.03 |
| Interest due: | $18,478.64 |
| Fees, costs due: | $8,552.91 |
| Escrow deficiency for funds advanced: | $26,675.86 |
| Less total funds on hand: | $0.00 |
| Total debt: | $217,493.44 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & Interest due: | $26,678.48 |
| Prepetition fees due: | $8,552.91 |
| Escrow deficiency for funds advanced: | $26,675.86 |
| Projected escrow shortage: | $1,581.95 |
| Less funds on hand: | $0.00 |
| Total prepetition arrearage: | $63,489.20 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | $721.04 |
| Monthly escrow: | $790.98 |
| Private mortgage insurance: | $0.00 |
| Total Monthly Payment: | $1,512.02 |

**Part 5: Loan Payment History from First Date of Default**

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal Balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 187519.63 | 0.00 | 550.63 | 0.00 | 1062.69 |
| 10/01/12 | 1062.69 | 0.00 | 0.00 | Payment Due | 11/01/12 | 1062.69 | 256.53 | 312.53 | 493.63 | 0.00 | 0.00 | 187519.63 | 0.00 | 550.63 | 0.00 | 1062.69 |
| 10/03/12 | 0.00 | 0.00 | 0.00 | Payment | 11/01/12 | 0.00 | 256.53 | 312.53 | 493.63 | 0.00 | -1062.69 | 187263.10 | 0.00 | 1044.26 | 0.00 | 0.00 |
| 11/01/12 | 1062.69 | 0.00 | 0.00 | Payment Due | 11/01/12 | 1062.69 | 256.95 | 312.11 | 493.63 | 0.00 | 0.00 | 187263.10 | 0.00 | 1044.26 | 0.00 | 0.00 |
| 11/01/12 | 0.00 | 0.10 | 0.00 | Payment Posted Suspense | 11/01/12 | 1062.69 | 0.00 | 0.00 | 0.00 | 0.00 | 0.10 | 187263.10 | 0.00 | 1044.26 | 0.00 | 0.10 |
| 12/01/12 | 1062.69 | 0.00 | 0.00 | Payment Due | 11/01/12 | 2125.38 | 257.38 | 311.68 | 493.63 | 0.00 | 0.00 | 187263.10 | 0.00 | 1044.26 | 0.00 | 0.10 |
| 12/14/12 | 0.00 | 0.00 | -108.91 | Escrow Disbursement | 11/01/12 | 2125.38 | 0.00 | 0.00 | -108.91 | 0.00 | 0.00 | 187263.10 | 0.00 | 935.35 | 0.00 | 0.10 |
| 12/31/12 | 0.00 | 0.00 | -28.45 | Late Charge Assessment | 11/01/12 | 2125.38 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 187263.10 | 0.00 | 935.35 | -28.45 | 0.10 |
| 12/31/12 | 0.00 | 1062.69 | 0.00 | Payment | 12/01/12 | 1062.69 | 256.95 | 312.11 | 493.63 | 0.00 | 0.00 | 187006.15 | 0.00 | 1428.98 | -28.45 | 0.10 |
| 12/31/12 | 0.00 | 28.45 | 0.00 | Payment Posted Suspense | 12/01/12 | 1062.69 | 0.00 | 0.00 | 0.00 | 0.00 | 28.45 | 187006.15 | 0.00 | 1428.98 | -28.45 | 28.55 |
| 01/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 12/01/12 | 2125.38 | 257.81 | 311.25 | 493.63 | 0.00 | 0.00 | 187006.15 | 0.00 | 1428.98 | -28.45 | 28.55 |
| 01/07/13 | 0.00 | 0.00 | -28.45 | Late Charge Assessment | 12/01/12 | 2125.38 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 187006.15 | 0.00 | 1428.98 | -56.90 | 28.55 |
| 01/07/13 | 0.00 | 0.00 | 0.00 | Late Charge Payment | 12/01/12 | 2125.38 | 0.00 | 0.00 | 0.00 | 28.45 | -28.45 | 187006.15 | 0.00 | 1428.98 | -28.45 | 0.10 |
| 01/25/13 | 0.00 | 0.00 | -668.92 | Escrow Disbursement | 12/01/12 | 2125.38 | 0.00 | 0.00 | -668.92 | 0.00 | 0.00 | 187006.15 | 0.00 | 760.06 | -28.45 | 0.10 |
| 02/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 12/01/12 | 3188.07 | 258.24 | 310.82 | 493.63 | 0.00 | 0.00 | 187006.15 | 0.00 | 760.06 | -28.45 | 0.10 |
| 02/04/13 | 0.00 | 0.00 | -28.45 | Late Charge Assessment | 12/01/12 | 3188.07 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 187006.15 | 0.00 | 760.06 | -56.90 | 0.10 |
| 02/04/13 | 0.00 | 1062.69 | 0.00 | Payment | 01/01/13 | 2125.38 | 257.38 | 311.68 | 493.63 | 0.00 | 0.00 | 186748.77 | 0.00 | 1253.69 | -56.90 | 0.10 |
| 02/04/13 | 0.00 | 28.45 | 0.00 | Payment Posted Suspense | 01/01/13 | 2125.38 | 0.00 | 0.00 | 0.00 | 0.00 | 28.45 | 186748.77 | 0.00 | 1253.69 | -56.90 | 28.55 |
| 02/28/13 | 0.00 | 0.00 | -28.45 | Late Charge Assessment | 01/01/13 | 2125.38 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 186748.77 | 0.00 | 1253.69 | -85.35 | 28.55 |
| 02/28/13 | 0.00 | 1062.69 | 0.00 | Payment | 02/01/13 | 1062.69 | 257.81 | 311.25 | 493.63 | 0.00 | 0.00 | 186490.96 | 0.00 | 1747.32 | -85.35 | 28.55 |
| 02/28/13 | 0.00 | 28.45 | 0.00 | Payment Posted Suspense | 02/01/13 | 1062.69 | 0.00 | 0.00 | 0.00 | 0.00 | 28.45 | 186490.96 | 0.00 | 1747.32 | -85.35 | 57.00 |
| 03/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 02/01/13 | 2125.38 | 258.67 | 310.39 | 493.63 | 0.00 | 0.00 | 186490.96 | 0.00 | 1747.32 | -85.35 | 57.00 |
| 04/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 02/01/13 | 3188.07 | 259.10 | 309.96 | 493.63 | 0.00 | 0.00 | 186490.96 | 0.00 | 1747.32 | -85.35 | 57.00 |
| 04/04/13 | 0.00 | 0.00 | -28.45 | Late Charge Assessment | 02/01/13 | 3188.07 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 186490.96 | 0.00 | 1747.32 | -113.80 | 57.00 |
| 04/04/13 | 0.00 | 1062.69 | 0.00 | Payment | 03/01/13 | 2125.38 | 258.24 | 310.82 | 493.63 | 0.00 | 0.00 | 186232.72 | 0.00 | 2240.95 | -113.80 | 57.00 |
| 04/04/13 | 0.00 | 1062.69 | 0.00 | Payment | 04/01/13 | 1062.69 | 258.67 | 310.39 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | 2734.58 | -113.80 | 57.00 |
| 04/12/13 | 0.00 | 0.00 | -1806.98 | Escrow Disbursement | 04/01/13 | 1062.69 | 0.00 | 0.00 | -1806.98 | 0.00 | 0.00 | 185974.05 | 0.00 | 927.60 | -113.80 | 57.00 |
| 05/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 2125.38 | 259.54 | 309.52 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | 927.60 | -113.80 | 57.00 |
| 05/02/13 | 0.00 | 0.00 | -110.87 | Escrow Disbursement | 04/01/13 | 2125.38 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 185974.05 | 0.00 | 816.73 | -113.80 | 57.00 |
| 06/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 3188.07 | 259.97 | 309.09 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | 816.73 | -113.80 | 57.00 |
| 07/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 4250.76 | 260.40 | 308.66 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | 816.73 | -113.80 | 57.00 |
| 07/25/13 | 0.00 | 0.00 | -3924.58 | Escrow Disbursement | 04/01/13 | 4250.76 | 0.00 | 0.00 | -3924.58 | 0.00 | 0.00 | 185974.05 | 0.00 | -3107.85 | -113.80 | 57.00 |
| 08/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 5313.45 | 260.83 | 308.23 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3107.85 | -113.80 | 57.00 |
| 09/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 6376.14 | 261.27 | 307.79 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3107.85 | -113.80 | 57.00 |
| 10/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 7438.83 | 261.71 | 307.35 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3107.85 | -113.80 | 57.00 |
| 11/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 8501.52 | 262.14 | 306.92 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3107.85 | -113.80 | 57.00 |
| 11/01/13 | 0.00 | 0.00 | -10.35 | Prop Insp Fees | 04/01/13 | 8501.52 | 0.00 | 0.00 | 0.00 | -10.35 | 0.00 | 185974.05 | 0.00 | -3107.85 | -124.15 | 57.00 |
| 11/27/13 | 0.00 | 0.00 | -57.00 | Prop Insp Fees | 04/01/13 | 8501.52 | 0.00 | 0.00 | 0.00 | -57.00 | 0.00 | 185974.05 | 0.00 | -3164.85 | -124.15 | 57.00 |
| 11/27/13 | 0.00 | -57.00 | 0.00 | Payment From Suspense | 04/01/13 | 8501.52 | 0.00 | 0.00 | 0.00 | 0.00 | -57.00 | 185974.05 | 0.00 | -3164.85 | -124.15 | 0.00 |
| 12/01/13 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 9564.21 | 262.58 | 306.48 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3164.85 | -124.15 | 0.00 |
| 12/04/13 | 0.00 | 0.00 | -10.35 | Prop Insp Fees | 04/01/13 | 9564.21 | 0.00 | 0.00 | 0.00 | -10.35 | 0.00 | 185974.05 | 0.00 | -3164.85 | -134.50 | 0.00 |
| 01/01/14 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 10626.90 | 263.02 | 306.04 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3164.85 | -134.50 | 0.00 |
| 01/29/14 | 0.00 | 0.00 | -10.35 | Prop Insp Fees | 04/01/13 | 10626.90 | 0.00 | 0.00 | 0.00 | -10.35 | 0.00 | 185974.05 | 0.00 | -3164.85 | -144.85 | 0.00 |
| 01/29/14 | 0.00 | 0.00 | -668.92 | Escrow Disbursement | 04/01/13 | 10626.90 | 0.00 | 0.00 | -668.92 | 0.00 | 0.00 | 185974.05 | 0.00 | -3833.77 | -144.85 | 0.00 |
| 02/01/14 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 11689.59 | 263.45 | 305.61 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3833.77 | -144.85 | 0.00 |
| 03/01/14 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 12752.28 | 263.89 | 305.17 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3833.77 | -144.85 | 0.00 |
| 03/05/14 | 0.00 | 0.00 | -10.35 | Prop Insp Fees | 04/01/13 | 12752.28 | 0.00 | 0.00 | 0.00 | -10.35 | 0.00 | 185974.05 | 0.00 | -3833.77 | -155.20 | 0.00 |
| 04/01/14 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 13814.97 | 264.33 | 304.73 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -3833.77 | -155.20 | 0.00 |
| 04/03/14 | 0.00 | 0.00 | -247.50 | Expense Advances | 04/01/13 | 13814.97 | 0.00 | 0.00 | 0.00 | -247.50 | 0.00 | 185974.05 | 0.00 | -3833.77 | -402.70 | 0.00 |
| 04/03/14 | 0.00 | 0.00 | -161.00 | Expense Advances | 04/01/13 | 13814.97 | 0.00 | 0.00 | 0.00 | -161.00 | 0.00 | 185974.05 | 0.00 | -3833.77 | -563.70 | 0.00 |
| 04/03/14 | 0.00 | 0.00 | -150.00 | Expense Advances | 04/01/13 | 13814.97 | 0.00 | 0.00 | 0.00 | -150.00 | 0.00 | 185974.05 | 0.00 | -3833.77 | -713.70 | 0.00 |
| 04/03/14 | 0.00 | 0.00 | -10.35 | Prop Insp Fees | 04/01/13 | 13814.97 | 0.00 | 0.00 | 0.00 | -10.35 | 0.00 | 185974.05 | 0.00 | -3833.77 | -724.05 | 0.00 |
| 04/15/14 | 0.00 | 0.00 | -1973.46 | Escrow Disbursement | 04/01/13 | 13814.97 | 0.00 | 0.00 | -1973.46 | 0.00 | 0.00 | 185974.05 | 0.00 | -5807.23 | -724.05 | 0.00 |
| 05/01/14 | 1062.69 | 0.00 | 0.00 | Payment Due | 04/01/13 | 14877.66 | 264.77 | 304.29 | 493.63 | 0.00 | 0.00 | 185974.05 | 0.00 | -5807.23 | -724.05 | 0.00 |
| 05/02/14 | 0.00 | 0.00 | -10.35 | Prop Insp Fees | 04/01/13 | 14877.66 | 0.00 | 0.00 | 0.00 | -10.35 | 0.00 | 185974.05 | 0.00 | -5807.23 | -734.40 | 0.00 |
| 05/05/14 | 0.00 | 0.00 | -110.87 | Escrow Disbursement | 04/01/13 | 14877.66 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 185974.05 | 0.00 | -5918.10 | -734.40 | 0.00 |

| Date | Amt1 | Amt2 | Transaction | Date2 | Amount | Col1 | Col2 | Col3 | Col4 | Col5 | Principal | Col6 | Col7 | Col8 | Col9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/12/14 | 0.00 | 0.00 | 47.75 Expense Advances | 04/01/13 | 14877.66 | 0.00 | 0.00 | 0.00 | 47.75 | | 185974.05 | 0.00 | -5918.10 | -686.65 | 0.00 |
| 05/27/14 | 0.00 | 0.00 | -2000.00 Expense Advances | 04/01/13 | 14877.66 | 0.00 | 0.00 | 0.00 | -2000.00 | | 185974.05 | 0.00 | -5918.10 | -2686.65 | 0.00 |
| 05/27/14 | 0.00 | 0.00 | -742.50 Expense Advances | 04/01/13 | 14877.66 | 0.00 | 0.00 | 0.00 | -742.50 | | 185974.05 | 0.00 | -5918.10 | -3429.15 | 0.00 |
| 05/27/14 | 0.00 | 0.00 | -20.00 Expense Advances | 04/01/13 | 14877.66 | 0.00 | 0.00 | 0.00 | -20.00 | | 185974.05 | 0.00 | -5918.10 | -3449.15 | 0.00 |
| 06/01/14 | 1062.69 | 0.00 | 0.00 Payment Due | 04/01/13 | 15940.35 | 265.21 | 303.85 | 493.63 | 0.00 | | 185974.05 | 0.00 | -5918.10 | -3449.15 | 0.00 |
| 06/03/14 | 0.00 | 0.00 | -10.35 Prop Insp Fees | 04/01/13 | 15940.35 | 0.00 | 0.00 | 0.00 | -10.35 | | 185974.05 | 0.00 | -5918.10 | -3459.50 | 0.00 |
| 07/01/14 | 1062.69 | 0.00 | 0.00 Payment Due | 04/01/13 | 17003.04 | 265.66 | 303.40 | 493.63 | 0.00 | | 185974.05 | 0.00 | -5918.10 | -3459.50 | 0.00 |
| 07/02/14 | 0.00 | 0.00 | -10.35 Prop Insp Fees | 04/01/13 | 17003.04 | 0.00 | 0.00 | 0.00 | -10.35 | | 185974.05 | 0.00 | -5918.10 | -3469.85 | 0.00 |
| 08/01/14 | 1062.69 | 0.00 | 0.00 Payment Due | 04/01/13 | 18065.73 | 266.10 | 302.96 | 493.63 | 0.00 | | 185974.05 | 0.00 | -5918.10 | -3469.85 | 0.00 |
| 08/04/14 | 0.00 | 0.00 | -10.35 Prop Insp Fees | 04/01/13 | 18065.73 | 0.00 | 0.00 | 0.00 | -10.35 | | 185974.05 | 0.00 | -5918.10 | -3480.20 | 0.00 |
| 08/18/14 | 0.00 | 0.00 | -4153.95 Escrow Disbursement | 04/01/13 | 18065.73 | 0.00 | 0.00 | 0.00 | -4153.95 | | 185974.05 | 0.00 | -10072.05 | -3480.20 | 0.00 |
| 08/22/14 | 0.00 | 0.00 | -425.00 Expense Advances | 04/01/13 | 18065.73 | 0.00 | 0.00 | 0.00 | -425.00 | | 185974.05 | 0.00 | -10072.05 | -3905.20 | 0.00 |
| 08/22/14 | 0.00 | 0.00 | -34.00 Expense Advances | 04/01/13 | 18065.73 | 0.00 | 0.00 | 0.00 | -34.00 | | 185974.05 | 0.00 | -10072.05 | -3939.20 | 0.00 |
| 08/22/14 | 0.00 | 0.00 | -200.00 Expense Advances | 04/01/13 | 18065.73 | 0.00 | 0.00 | 0.00 | -200.00 | | 185974.05 | 0.00 | -10072.05 | -4139.20 | 0.00 |
| 09/01/14 | 1062.69 | 0.00 | 0.00 Payment Due | 04/01/13 | 19128.42 | 266.54 | 302.52 | 493.63 | 0.00 | | 185974.05 | 0.00 | -10072.05 | -4139.20 | 0.00 |
| 09/02/14 | 0.00 | 0.00 | -10.35 Prop Insp Fees | 04/01/13 | 19128.42 | 0.00 | 0.00 | 0.00 | -10.35 | | 185974.05 | 0.00 | -10072.05 | -4149.55 | 0.00 |
| 10/01/14 | 1062.69 | 0.00 | 0.00 Payment Due | 04/01/13 | 20191.11 | 266.99 | 302.07 | 493.63 | 0.00 | | 185974.05 | 0.00 | -10072.05 | -4149.55 | 0.00 |
| 10/01/14 | 0.00 | 0.00 | -630.00 Expense Advances | 04/01/13 | 20191.11 | 0.00 | 0.00 | 0.00 | -630.00 | | 185974.05 | 0.00 | -10072.05 | -4779.55 | 0.00 |
| 10/01/14 | 0.00 | 0.00 | -125.00 Expense Advances | 04/01/13 | 20191.11 | 0.00 | 0.00 | 0.00 | -125.00 | | 185974.05 | 0.00 | -10072.05 | -4904.55 | 0.00 |
| 10/07/14 | 0.00 | 0.00 | -10.35 Prop Insp Fees | 04/01/13 | 20191.11 | 0.00 | 0.00 | 0.00 | -10.35 | | 185974.05 | 0.00 | -10072.05 | -4914.90 | 0.00 |
| 10/14/14 | 0.00 | 0.00 | -512.10 Late Charge Assessment | 04/01/13 | 20191.11 | 0.00 | 0.00 | 0.00 | -512.10 | | 185974.05 | 0.00 | -10072.05 | -5427.00 | 0.00 |
| 11/01/14 | 1062.69 | 0.00 | 0.00 Payment Due | 04/01/13 | 21253.80 | 267.43 | 301.63 | 493.63 | 0.00 | | 185974.05 | 0.00 | -10072.05 | -5427.00 | 0.00 |
| 12/01/14 | 1135.42 | 0.00 | 0.00 Payment Due | 04/01/13 | 22389.22 | 267.88 | 301.18 | 566.36 | 0.00 | | 185974.05 | 0.00 | -10072.05 | -5427.00 | 0.00 |
| 12/05/14 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/13 | 22389.22 | 0.00 | 0.00 | 0.00 | -15.00 | | 185974.05 | 0.00 | -10072.05 | -5442.00 | 0.00 |
| 12/05/14 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/13 | 22389.22 | 0.00 | 0.00 | 0.00 | -1.50 | | 185974.05 | 0.00 | -10072.05 | -5443.50 | 0.00 |
| 12/05/14 | 0.00 | 1130.78 | 0.00 Payment | 05/01/13 | 21326.53 | 259.10 | 309.96 | 493.63 | 0.00 | 68.09 | 185714.95 | 0.00 | -9578.42 | -5443.50 | 68.09 |
| 12/17/14 | 0.00 | -1130.78 | 0.00 Payment Reversal | 04/01/13 | 22389.22 | -259.10 | -309.96 | -493.63 | 0.00 | -68.09 | 185974.05 | 0.00 | -10072.05 | -5443.50 | 0.00 |
| 12/19/14 | 0.00 | 0.00 | -107.50 Foreclosure Fees | 04/01/13 | 22389.22 | 0.00 | 0.00 | 0.00 | -107.50 | | 185974.05 | 0.00 | -10072.05 | -5551.00 | 0.00 |
| 12/19/14 | 0.00 | 0.00 | -800.00 Foreclosure Fees | 04/01/13 | 22389.22 | 0.00 | 0.00 | 0.00 | -800.00 | | 185974.05 | 0.00 | -10072.05 | -6351.00 | 0.00 |
| 12/26/14 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/13 | 22389.22 | 0.00 | 0.00 | 0.00 | -15.00 | | 185974.05 | 0.00 | -10072.05 | -6366.00 | 0.00 |
| 12/26/14 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/13 | 22389.22 | 0.00 | 0.00 | 0.00 | -1.50 | | 185974.05 | 0.00 | -10072.05 | -6367.50 | 0.00 |
| 01/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 04/01/13 | 23524.64 | 268.32 | 300.74 | 566.36 | 0.00 | | 185974.05 | 0.00 | -10072.05 | -6367.50 | 0.00 |
| 01/22/15 | 0.00 | 0.00 | -668.92 Escrow Disbursement | 04/01/13 | 23524.64 | 0.00 | 0.00 | 0.00 | -668.92 | | 185974.05 | 0.00 | -10740.97 | -6367.50 | 0.00 |
| 01/26/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/13 | 23524.64 | 0.00 | 0.00 | 0.00 | -15.00 | | 185974.05 | 0.00 | -10740.97 | -6382.50 | 0.00 |
| 01/26/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/13 | 23524.64 | 0.00 | 0.00 | 0.00 | -1.50 | | 185974.05 | 0.00 | -10740.97 | -6384.00 | 0.00 |
| 01/30/15 | 0.00 | 0.00 | -100.00 Foreclosure Fees | 04/01/13 | 23524.64 | 0.00 | 0.00 | 0.00 | -100.00 | | 185974.05 | 0.00 | -10740.97 | -6484.00 | 0.00 |
| 02/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 04/01/13 | 24660.06 | 268.77 | 300.29 | 566.36 | 0.00 | | 185974.05 | 0.00 | -10740.97 | -6484.00 | 0.00 |
| 02/27/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/13 | 24660.06 | 0.00 | 0.00 | 0.00 | -15.00 | | 185974.05 | 0.00 | -10740.97 | -6499.00 | 0.00 |
| 02/27/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/13 | 24660.06 | 0.00 | 0.00 | 0.00 | -1.50 | | 185974.05 | 0.00 | -10740.97 | -6500.50 | 0.00 |
| 03/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 04/01/13 | 25795.48 | 269.22 | 299.84 | 566.36 | 0.00 | | 185974.05 | 0.00 | -10740.97 | -6500.50 | 0.00 |
| 03/30/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/13 | 25795.48 | 0.00 | 0.00 | 0.00 | -15.00 | | 185974.05 | 0.00 | -10740.97 | -6515.50 | 0.00 |
| 03/30/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/13 | 25795.48 | 0.00 | 0.00 | 0.00 | -1.50 | | 185974.05 | 0.00 | -10740.97 | -6517.00 | 0.00 |
| 04/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 04/01/13 | 26930.90 | 269.67 | 299.39 | 566.36 | 0.00 | | 185974.05 | 0.00 | -10740.97 | -6517.00 | 0.00 |
| 04/03/15 | 0.00 | 0.00 | -96.00 Foreclosure Bpo | 04/01/13 | 26930.90 | 0.00 | 0.00 | 0.00 | -96.00 | | 185974.05 | 0.00 | -10740.97 | -6613.00 | 0.00 |
| 04/07/15 | 0.00 | 0.00 | -1885.17 Escrow Disbursement | 04/01/13 | 26930.90 | 0.00 | 0.00 | 0.00 | -1885.17 | | 185974.05 | 0.00 | -12626.14 | -6613.00 | 0.00 |
| 04/23/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/13 | 26930.90 | 0.00 | 0.00 | 0.00 | -15.00 | | 185974.05 | 0.00 | -12626.14 | -6628.00 | 0.00 |
| 04/23/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/13 | 26930.90 | 0.00 | 0.00 | 0.00 | -1.50 | | 185974.05 | 0.00 | -12626.14 | -6629.50 | 0.00 |
| 04/27/15 | 0.00 | 0.00 | -650.00 Bk Attny Fee | 04/01/13 | 26930.90 | 0.00 | 0.00 | 0.00 | -650.00 | | 185974.05 | 0.00 | -12626.14 | -7279.50 | 0.00 |
| 04/27/15 | 0.00 | 0.00 | -500.00 Bk Attny Fee | 04/01/13 | 26930.90 | 0.00 | 0.00 | 0.00 | -500.00 | | 185974.05 | 0.00 | -12626.14 | -7779.50 | 0.00 |
| 04/29/15 | 0.00 | 1114.73 | 0.00 Payment | 05/01/13 | 25868.21 | 259.10 | 309.96 | 493.63 | 0.00 | 52.04 | 185714.95 | 0.00 | -12132.51 | -7779.50 | 52.04 |
| 05/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 27003.63 | 270.12 | 298.94 | 566.36 | 0.00 | | 185714.95 | 0.00 | -12132.51 | -7779.50 | 52.04 |
| 05/14/15 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 05/01/13 | 27003.63 | 0.00 | 0.00 | 0.00 | -110.87 | | 185714.95 | 0.00 | -12243.38 | -7779.50 | 52.04 |
| 06/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 28139.05 | 270.57 | 298.49 | 566.36 | 0.00 | | 185714.95 | 0.00 | -12243.38 | -7779.50 | 52.04 |
| 06/01/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 28139.05 | 0.00 | 0.00 | 0.00 | -15.00 | | 185714.95 | 0.00 | -12243.38 | -7794.50 | 52.04 |
| 06/01/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 28139.05 | 0.00 | 0.00 | 0.00 | -1.50 | | 185714.95 | 0.00 | -12243.38 | -7796.00 | 52.04 |
| 06/25/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 28139.05 | 0.00 | 0.00 | 0.00 | -1.50 | | 185714.95 | 0.00 | -12243.38 | -7797.50 | 52.04 |
| 06/25/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 28139.05 | 0.00 | 0.00 | 0.00 | -15.00 | | 185714.95 | 0.00 | -12243.38 | -7812.50 | 52.04 |
| 07/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 29274.47 | 271.02 | 298.04 | 566.36 | 0.00 | | 185714.95 | 0.00 | -12243.38 | -7812.50 | 52.04 |
| 07/24/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 29274.47 | 0.00 | 0.00 | 0.00 | -1.50 | | 185714.95 | 0.00 | -12243.38 | -7814.00 | 52.04 |

| Date | Amt1 | Amt2 | Description | Date2 | Val1 | Val2 | Val3 | Val4 | Val5 | Val6 | Val7 | Val8 | Val9 | Val10 | Val11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/24/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 29274.47 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -7829.00 | 52.04 |
| 08/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 30409.89 | 271.47 | 297.59 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -7829.00 | 52.04 |
| 08/11/15 | 0.00 | 0.00 | -96.00 Foreclosure Bpo | 05/01/13 | 30409.89 | 0.00 | 0.00 | 0.00 | -96.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -7925.00 | 52.04 |
| 08/25/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 30409.89 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -7940.00 | 52.04 |
| 08/25/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 30409.89 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -12243.38 | -7941.50 | 52.04 |
| 08/28/15 | 0.00 | 0.00 | -850.00 Bk Attny Fee | 05/01/13 | 30409.89 | 0.00 | 0.00 | 0.00 | -850.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -8791.50 | 52.04 |
| 08/28/15 | 0.00 | 0.00 | -176.00 Bk Court Costs | 05/01/13 | 30409.89 | 0.00 | 0.00 | 0.00 | -176.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -8967.50 | 52.04 |
| 09/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 31545.31 | 271.92 | 297.14 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -8967.50 | 52.04 |
| 09/10/15 | 0.00 | 0.00 | -75.50 Foreclosure Cost | 05/01/13 | 31545.31 | 0.00 | 0.00 | 0.00 | -75.50 | 0.00 | 185714.95 | 0.00 | -12243.38 | -9043.00 | 52.04 |
| 09/16/15 | 0.00 | 0.00 | -28.45 Late Charge Assessment | 05/01/13 | 31545.31 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 185714.95 | 0.00 | -12243.38 | -9071.45 | 52.04 |
| 09/22/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 31545.31 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -9086.45 | 52.04 |
| 09/22/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 31545.31 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -12243.38 | -9087.95 | 52.04 |
| 09/28/15 | 0.00 | 0.00 | -2000.00 Foreclosure Cost | 05/01/13 | 31545.31 | 0.00 | 0.00 | 0.00 | -2000.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11087.95 | 52.04 |
| 10/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 32680.73 | 272.38 | 296.68 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11087.95 | 52.04 |
| 10/16/15 | 0.00 | 0.00 | -28.45 Late Charge Assessment | 05/01/13 | 32680.73 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11116.40 | 52.04 |
| 10/27/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 32680.73 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11131.40 | 52.04 |
| 10/27/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 32680.73 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11132.90 | 52.04 |
| 11/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 33816.15 | 272.83 | 296.23 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11132.90 | 52.04 |
| 11/13/15 | 0.00 | 0.00 | -825.00 Foreclosure Fees | 05/01/13 | 33816.15 | 0.00 | 0.00 | 0.00 | -825.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11957.90 | 52.04 |
| 11/13/15 | 0.00 | 0.00 | -34.00 Foreclosure Cost | 05/01/13 | 33816.15 | 0.00 | 0.00 | 0.00 | -34.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -11991.90 | 52.04 |
| 11/16/15 | 0.00 | 0.00 | -28.45 Late Charge Assessment | 05/01/13 | 33816.15 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12020.35 | 52.04 |
| 11/24/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 33816.15 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12035.35 | 52.04 |
| 11/24/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 33816.15 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12036.85 | 52.04 |
| 12/01/15 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 34951.57 | 273.29 | 295.77 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12036.85 | 52.04 |
| 12/16/15 | 0.00 | 0.00 | -28.45 Late Charge Assessment | 05/01/13 | 34951.57 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12065.30 | 52.04 |
| 12/21/15 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 34951.57 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12066.80 | 52.04 |
| 12/21/15 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 34951.57 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -12243.38 | -12081.80 | 52.04 |
| 12/29/15 | 0.00 | 0.00 | -4333.79 Escrow Disbursement | 05/01/13 | 34951.57 | 0.00 | 0.00 | -4333.79 | 0.00 | 0.00 | 185714.95 | 0.00 | -16577.17 | -12081.80 | 52.04 |
| 01/01/16 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 36086.99 | 273.74 | 295.32 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -16577.17 | -12081.80 | 52.04 |
| 01/18/16 | 0.00 | 0.00 | -28.45 Late Charge Assessment | 05/01/13 | 36086.99 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 185714.95 | 0.00 | -16577.17 | -12110.25 | 52.04 |
| 01/25/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 36086.99 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -16577.17 | -12125.25 | 52.04 |
| 01/25/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 36086.99 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -16577.17 | -12126.75 | 52.04 |
| 01/27/16 | 0.00 | 0.00 | -668.92 Escrow Disbursement | 05/01/13 | 36086.99 | 0.00 | 0.00 | -668.92 | 0.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12126.75 | 52.04 |
| 02/01/16 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 37222.41 | 274.20 | 294.86 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12126.75 | 52.04 |
| 02/11/16 | 0.00 | 0.00 | -425.00 Foreclosure Fees | 05/01/13 | 37222.41 | 0.00 | 0.00 | 0.00 | -425.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12551.75 | 52.04 |
| 02/11/16 | 0.00 | 0.00 | -50.00 Foreclosure Cost | 05/01/13 | 37222.41 | 0.00 | 0.00 | 0.00 | -50.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12601.75 | 52.04 |
| 02/11/16 | 0.00 | 0.00 | -100.00 Foreclosure Cost | 05/01/13 | 37222.41 | 0.00 | 0.00 | 0.00 | -100.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12701.75 | 52.04 |
| 02/16/16 | 0.00 | 0.00 | -28.45 Late Charge Assessment | 05/01/13 | 37222.41 | 0.00 | 0.00 | 0.00 | -28.45 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12730.20 | 52.04 |
| 02/23/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 37222.41 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12731.70 | 52.04 |
| 02/23/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 37222.41 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12746.70 | 52.04 |
| 03/01/16 | 1135.42 | 0.00 | 0.00 Payment Due | 05/01/13 | 38357.83 | 274.65 | 294.41 | 566.36 | 0.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12746.70 | 52.04 |
| 03/22/16 | 0.00 | 0.00 | -125.00 Foreclosure Cost | 05/01/13 | 38357.83 | 0.00 | 0.00 | 0.00 | -125.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12871.70 | 52.04 |
| 03/23/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 05/01/13 | 38357.83 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12886.70 | 52.04 |
| 03/23/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 05/01/13 | 38357.83 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12888.20 | 52.04 |
| 03/30/16 | 0.00 | 0.00 | -100.00 Foreclosure Fees | 05/01/13 | 38357.83 | 0.00 | 0.00 | 0.00 | -100.00 | 0.00 | 185714.95 | 0.00 | -17246.09 | -12988.20 | 52.04 |
| 03/31/16 | 0.00 | 1152.29 | 0.00 Payment | 06/01/13 | 37295.14 | 259.54 | 309.52 | 493.63 | 0.00 | 89.60 | 185455.41 | 0.00 | -16752.46 | -12988.20 | 141.64 |
| 04/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 06/01/13 | 38447.43 | 275.11 | 293.95 | 583.23 | 0.00 | 0.00 | 185455.41 | 0.00 | -16752.46 | -12988.20 | 141.64 |
| 04/18/16 | 0.00 | 0.00 | -2052.12 Escrow Disbursement | 06/01/13 | 38447.43 | 0.00 | 0.00 | -2052.12 | 0.00 | 0.00 | 185455.41 | 0.00 | -18804.58 | -12988.20 | 141.64 |
| 04/25/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 06/01/13 | 38447.43 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185455.41 | 0.00 | -18804.58 | -13003.20 | 141.64 |
| 04/25/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 06/01/13 | 38447.43 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185455.41 | 0.00 | -18804.58 | -13004.70 | 141.64 |
| 04/27/16 | 0.00 | 0.00 | 96.00 Reclass To 20T01 | 06/01/13 | 38447.43 | 0.00 | 0.00 | 0.00 | 96.00 | 0.00 | 185455.41 | 0.00 | -18804.58 | -12908.70 | 141.64 |
| 04/29/16 | 0.00 | 1152.29 | 0.00 Payment | 07/01/13 | 37384.74 | 259.97 | 309.09 | 493.63 | 0.00 | 89.60 | 185195.44 | 0.00 | -18310.95 | -12908.70 | 231.24 |
| 05/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 07/01/13 | 38537.03 | 275.57 | 293.49 | 583.23 | 0.00 | 0.00 | 185195.44 | 0.00 | -18310.95 | -12908.70 | 231.24 |
| 05/13/16 | 0.00 | 0.00 | -225.00 Bk Attny Fee | 07/01/13 | 38537.03 | 0.00 | 0.00 | 0.00 | -225.00 | 0.00 | 185195.44 | 0.00 | -18310.95 | -13133.70 | 231.24 |
| 05/17/16 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 07/01/13 | 38537.03 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13133.70 | 231.24 |
| 05/24/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 07/01/13 | 38537.03 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13135.20 | 231.24 |
| 05/24/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 07/01/13 | 38537.03 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13150.20 | 231.24 |
| 06/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 07/01/13 | 39689.32 | 276.03 | 293.03 | 583.23 | 0.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13150.20 | 231.24 |
| 06/23/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 07/01/13 | 39689.32 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13165.20 | 231.24 |

| Date | | | Description | Date | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/23/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 07/01/13 | 39689.32 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13166.70 | 231.24 |
| 06/30/16 | 0.00 | 1152.29 | 0.00 Payment | 08/01/13 | 38626.63 | 260.40 | 308.66 | 493.63 | 0.00 | 89.60 | 184935.04 | 0.00 | -17928.19 | -13166.70 | 320.84 |
| 07/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 08/01/13 | 39778.92 | 276.49 | 292.57 | 583.23 | 0.00 | 0.00 | 184935.04 | 0.00 | -17928.19 | -13166.70 | 320.84 |
| 07/08/16 | 0.00 | -1152.29 | 0.00 Payment Reversal | 07/01/13 | 40841.61 | -260.40 | -308.66 | -493.63 | 0.00 | -89.60 | 185195.44 | 0.00 | -18421.82 | -13166.70 | 231.24 |
| 07/12/16 | 0.00 | 0.00 | -100.00 Foreclosure Fees | 07/01/13 | 40841.61 | 0.00 | 0.00 | 0.00 | -100.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13266.70 | 231.24 |
| 07/26/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 07/01/13 | 40841.61 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13281.70 | 231.24 |
| 07/26/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 07/01/13 | 40841.61 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13283.20 | 231.24 |
| 08/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 07/01/13 | 41993.90 | 276.95 | 292.11 | 583.23 | 0.00 | 0.00 | 185195.44 | 0.00 | -18421.82 | -13283.20 | 231.24 |
| 08/04/16 | 0.00 | 0.00 | -4429.57 Escrow Disbursement | 07/01/13 | 41993.90 | 0.00 | 0.00 | -4429.57 | 0.00 | 0.00 | 185195.44 | 0.00 | -22851.39 | -13283.20 | 231.24 |
| 08/05/16 | 0.00 | 1152.29 | 0.00 Payment | 08/01/13 | 40931.21 | 260.40 | 308.66 | 493.63 | 0.00 | 89.60 | 184935.04 | 0.00 | -22357.76 | -13283.20 | 320.84 |
| 08/18/16 | 0.00 | 0.00 | -425.00 Bk Attny Fee | 08/01/13 | 40931.21 | 0.00 | 0.00 | 0.00 | -425.00 | 0.00 | 184935.04 | 0.00 | -22357.76 | -13708.20 | 320.84 |
| 08/23/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/13 | 40931.21 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184935.04 | 0.00 | -22357.76 | -13723.20 | 320.84 |
| 08/23/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/13 | 40931.21 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184935.04 | 0.00 | -22357.76 | -13724.70 | 320.84 |
| 08/23/16 | 0.00 | 0.00 | 1016.95 Foreclosure Cost | 08/01/13 | 40931.21 | 0.00 | 0.00 | 0.00 | 1016.95 | 0.00 | 184935.04 | 0.00 | -22357.76 | -12707.75 | 320.84 |
| 09/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 08/01/13 | 42083.50 | 277.41 | 291.65 | 583.23 | 0.00 | 0.00 | 184935.04 | 0.00 | -22357.76 | -12707.75 | 320.84 |
| 09/14/16 | 0.00 | 1152.29 | 0.00 Payment | 09/01/13 | 41020.81 | 260.83 | 308.23 | 493.63 | 0.00 | 89.60 | 184674.21 | 0.00 | -21864.13 | -12707.75 | 410.44 |
| 09/26/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 09/01/13 | 41020.81 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12722.75 | 410.44 |
| 09/26/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 09/01/13 | 41020.81 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12724.25 | 410.44 |
| 10/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 09/01/13 | 42173.10 | 277.87 | 291.19 | 583.23 | 0.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12724.25 | 410.44 |
| 10/25/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 09/01/13 | 42173.10 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12739.25 | 410.44 |
| 10/25/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 09/01/13 | 42173.10 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12740.75 | 410.44 |
| 11/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 09/01/13 | 43325.39 | 278.34 | 290.72 | 583.23 | 0.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12740.75 | 410.44 |
| 11/21/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 09/01/13 | 43325.39 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12755.75 | 410.44 |
| 11/21/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 09/01/13 | 43325.39 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12757.25 | 410.44 |
| 12/01/16 | 1152.29 | 0.00 | 0.00 Payment Due | 09/01/13 | 44477.68 | 278.80 | 290.26 | 583.23 | 0.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12757.25 | 410.44 |
| 12/30/16 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 09/01/13 | 44477.68 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12758.75 | 410.44 |
| 12/30/16 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 09/01/13 | 44477.68 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12773.75 | 410.44 |
| 01/01/17 | 1152.29 | 0.00 | 0.00 Payment Due | 09/01/13 | 45629.97 | 279.27 | 289.79 | 583.23 | 0.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12773.75 | 410.44 |
| 01/24/17 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 09/01/13 | 45629.97 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12775.25 | 410.44 |
| 01/24/17 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 09/01/13 | 45629.97 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184674.21 | 0.00 | -21864.13 | -12790.25 | 410.44 |
| 01/27/17 | 0.00 | 0.00 | -702.01 Escrow Disbursement | 09/01/13 | 45629.97 | 0.00 | 0.00 | -702.01 | 0.00 | 0.00 | 184674.21 | 0.00 | -22566.14 | -12790.25 | 410.44 |
| 02/01/17 | 1205.20 | 0.00 | 0.00 Payment Due | 09/01/13 | 46835.17 | 279.73 | 289.33 | 636.14 | 0.00 | 0.00 | 184674.21 | 0.00 | -22566.14 | -12790.25 | 410.44 |
| 02/21/17 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 09/01/13 | 46835.17 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 184674.21 | 0.00 | -22566.14 | -12805.25 | 410.44 |
| 02/21/17 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 09/01/13 | 46835.17 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 184674.21 | 0.00 | -22566.14 | -12806.75 | 410.44 |
| 02/28/17 | 0.00 | 59842.77 | 0.00 Payment Posted Suspense | 09/01/13 | 46835.17 | 0.00 | 0.00 | 0.00 | 0.00 | 59842.77 | 184674.21 | 0.00 | -22566.14 | -12806.75 | 60253.21 |
| 03/01/17 | 1205.20 | 0.00 | 0.00 Payment Due | 09/01/13 | 48040.37 | 280.20 | 288.86 | 636.14 | 0.00 | 0.00 | 184674.21 | 0.00 | -22566.14 | -12806.75 | 60253.21 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 10/01/13 | 46977.68 | 261.27 | 307.79 | 493.63 | 0.00 | -1062.69 | 184412.94 | 0.00 | -22072.51 | -12806.75 | 59190.52 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 11/01/13 | 45914.99 | 261.71 | 307.35 | 493.63 | 0.00 | -1062.69 | 184151.23 | 0.00 | -21578.88 | -12806.75 | 58127.83 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 12/01/13 | 44852.30 | 262.14 | 306.92 | 493.63 | 0.00 | -1062.69 | 183889.09 | 0.00 | -21085.25 | -12806.75 | 57065.14 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 01/01/14 | 43789.61 | 262.58 | 306.48 | 493.63 | 0.00 | -1062.69 | 183626.51 | 0.00 | -20591.62 | -12806.75 | 56002.45 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 02/01/14 | 42726.92 | 263.02 | 306.04 | 493.63 | 0.00 | -1062.69 | 183363.49 | 0.00 | -20097.99 | -12806.75 | 54939.76 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 03/01/14 | 41664.23 | 263.45 | 305.61 | 493.63 | 0.00 | -1062.69 | 183100.04 | 0.00 | -19604.36 | -12806.75 | 53877.07 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 04/01/14 | 40601.54 | 263.89 | 305.17 | 493.63 | 0.00 | -1062.69 | 182836.15 | 0.00 | -19110.73 | -12806.75 | 52814.38 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 05/01/14 | 39538.85 | 264.33 | 304.73 | 493.63 | 0.00 | -1062.69 | 182571.82 | 0.00 | -18617.10 | -12806.75 | 51751.69 |
| 03/02/17 | 0.00 | 0.00 | 0.00 Payment | 06/01/14 | 38476.16 | 264.77 | 304.29 | 493.63 | 0.00 | -1062.69 | 182307.05 | 0.00 | -18123.47 | -12806.75 | 50689.00 |
| 03/03/17 | 0.00 | 0.00 | -50.00 Back Check Fees Assessment | 06/01/14 | 38476.16 | 0.00 | 0.00 | 0.00 | -50.00 | 0.00 | 182307.05 | 0.00 | -18123.47 | -12856.75 | 50689.00 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Late Charge Payment | 06/01/14 | 38476.16 | 0.00 | 0.00 | 0.00 | 796.60 | -796.60 | 182307.05 | 0.00 | -18123.47 | -12060.15 | 49892.40 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Back Check Fees Payment | 06/01/14 | 38476.16 | 0.00 | 0.00 | 0.00 | 50.00 | -50.00 | 182307.05 | 0.00 | -18123.47 | -12010.15 | 49842.40 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 07/01/14 | 37413.47 | 265.21 | 303.85 | 493.63 | 0.00 | -1062.69 | 182041.84 | 0.00 | -17629.84 | -12010.15 | 48779.71 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 08/01/14 | 36350.78 | 265.66 | 303.40 | 493.63 | 0.00 | -1062.69 | 181776.18 | 0.00 | -17136.21 | -12010.15 | 47717.02 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 09/01/14 | 35288.09 | 266.10 | 302.96 | 493.63 | 0.00 | -1062.69 | 181510.08 | 0.00 | -16642.58 | -12010.15 | 46654.33 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 10/01/14 | 34225.40 | 266.54 | 302.52 | 493.63 | 0.00 | -1062.69 | 181243.54 | 0.00 | -16148.95 | -12010.15 | 45591.64 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 11/01/14 | 33162.71 | 266.99 | 302.07 | 493.63 | 0.00 | -1062.69 | 180976.55 | 0.00 | -15655.32 | -12010.15 | 44528.95 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 12/01/14 | 32100.02 | 267.43 | 301.63 | 493.63 | 0.00 | -1062.69 | 180709.12 | 0.00 | -15161.69 | -12010.15 | 43466.26 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 01/01/15 | 30964.60 | 267.88 | 301.18 | 566.36 | 0.00 | -1135.42 | 180441.24 | 0.00 | -14595.33 | -12010.15 | 42330.84 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 02/01/15 | 29829.18 | 268.32 | 300.74 | 566.36 | 0.00 | -1135.42 | 180172.92 | 0.00 | -14028.97 | -12010.15 | 41195.42 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 03/01/15 | 28693.76 | 268.77 | 300.29 | 566.36 | 0.00 | -1135.42 | 179904.15 | 0.00 | -13462.61 | -12010.15 | 40060.00 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 04/01/15 | 27558.34 | 269.22 | 299.84 | 566.36 | 0.00 | -1135.42 | 179634.93 | 0.00 | -12896.25 | -12010.15 | 38924.58 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 05/01/15 | 26422.92 | 269.67 | 299.39 | 566.36 | 0.00 | -1135.42 | 179365.26 | 0.00 | -12329.89 | -12010.15 | 37789.16 |

| Date | | | Description | Date | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 06/01/15 | 25287.50 | 270.12 | 298.94 | 566.36 | 0.00 | -1135.42 | 179095.14 | 0.00 | -11763.53 | -12010.15 | 36653.74 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 07/01/15 | 24152.08 | 270.57 | 298.49 | 566.36 | 0.00 | -1135.42 | 178824.57 | 0.00 | -11197.17 | -12010.15 | 35518.32 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 08/01/15 | 23016.66 | 271.02 | 298.04 | 566.36 | 0.00 | -1135.42 | 178553.55 | 0.00 | -10630.81 | -12010.15 | 34382.90 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 09/01/15 | 21881.24 | 271.47 | 297.59 | 566.36 | 0.00 | -1135.42 | 178282.08 | 0.00 | -10064.45 | -12010.15 | 33247.48 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 10/01/15 | 20745.82 | 271.92 | 297.14 | 566.36 | 0.00 | -1135.42 | 178010.16 | 0.00 | -9498.09 | -12010.15 | 32112.06 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 11/01/15 | 19610.40 | 272.38 | 296.68 | 566.36 | 0.00 | -1135.42 | 177737.78 | 0.00 | -8931.73 | -12010.15 | 30976.64 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 12/01/15 | 18474.98 | 272.83 | 296.23 | 566.36 | 0.00 | -1135.42 | 177464.95 | 0.00 | -8365.37 | -12010.15 | 29841.22 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 01/01/16 | 17339.56 | 273.29 | 295.77 | 566.36 | 0.00 | -1135.42 | 177191.66 | 0.00 | -7799.01 | -12010.15 | 28705.80 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 02/01/16 | 16204.14 | 273.74 | 295.32 | 566.36 | 0.00 | -1135.42 | 176917.92 | 0.00 | -7232.65 | -12010.15 | 27570.38 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 03/01/16 | 15068.72 | 274.20 | 294.86 | 566.36 | 0.00 | -1135.42 | 176643.72 | 0.00 | -6666.29 | -12010.15 | 26434.96 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 04/01/16 | 13933.30 | 274.65 | 294.41 | 566.36 | 0.00 | -1135.42 | 176369.07 | 0.00 | -6099.93 | -12010.15 | 25299.54 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 05/01/16 | 12781.01 | 275.11 | 293.95 | 583.23 | 0.00 | -1152.29 | 176093.96 | 0.00 | -5516.70 | -12010.15 | 24147.25 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 06/01/16 | 11628.72 | 275.57 | 293.49 | 583.23 | 0.00 | -1152.29 | 175818.39 | 0.00 | -4933.47 | -12010.15 | 22994.96 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 07/01/16 | 10476.43 | 276.03 | 293.03 | 583.23 | 0.00 | -1152.29 | 175542.36 | 0.00 | -4350.24 | -12010.15 | 21842.67 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 08/01/16 | 9324.14 | 276.49 | 292.57 | 583.23 | 0.00 | -1152.29 | 175265.87 | 0.00 | -3767.01 | -12010.15 | 20690.38 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 09/01/16 | 8171.85 | 276.95 | 292.11 | 583.23 | 0.00 | -1152.29 | 174988.92 | 0.00 | -3183.78 | -12010.15 | 19538.09 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 10/01/16 | 7019.56 | 277.41 | 291.65 | 583.23 | 0.00 | -1152.29 | 174711.51 | 0.00 | -2600.55 | -12010.15 | 18385.80 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 11/01/16 | 5867.27 | 277.87 | 291.19 | 583.23 | 0.00 | -1152.29 | 174433.64 | 0.00 | -2017.32 | -12010.15 | 17233.51 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 12/01/16 | 4714.98 | 278.34 | 290.72 | 583.23 | 0.00 | -1152.29 | 174155.30 | 0.00 | -1434.09 | -12010.15 | 16081.22 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 01/01/17 | 3562.69 | 278.80 | 290.26 | 583.23 | 0.00 | -1152.29 | 173876.50 | 0.00 | -850.86 | -12010.15 | 14928.93 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 02/01/17 | 2410.40 | 279.27 | 289.79 | 583.23 | 0.00 | -1152.29 | 173597.23 | 0.00 | -267.63 | -12010.15 | 13776.64 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 03/01/17 | 1205.20 | 279.73 | 289.33 | 636.14 | 0.00 | -1205.20 | 173317.50 | 0.00 | 368.51 | -12010.15 | 12571.44 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Payment | 04/01/17 | 0.00 | 280.20 | 288.86 | 636.14 | 0.00 | -1205.20 | 173037.30 | 0.00 | 1004.65 | -12010.15 | 11366.24 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -11010.16 | 10366.25 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -10010.17 | 9366.26 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -9010.18 | 8366.27 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -8010.19 | 7366.28 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 811.49 | -811.49 | 173037.30 | 0.00 | 1004.65 | -7198.70 | 6554.79 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -6198.71 | 5554.80 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -5198.72 | 4554.81 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 457.52 | -457.52 | 173037.30 | 0.00 | 1004.65 | -4741.20 | 4097.29 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 999.99 | -999.99 | 173037.30 | 0.00 | 1004.65 | -3741.21 | 3097.30 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 367.56 | -367.56 | 173037.30 | 0.00 | 1004.65 | -3373.65 | 2729.74 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 462.00 | -462.00 | 173037.30 | 0.00 | 1004.65 | -2911.65 | 2267.74 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 96.00 | -96.00 | 173037.30 | 0.00 | 1004.65 | -2815.65 | 2171.74 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 265.00 | -265.00 | 173037.30 | 0.00 | 1004.65 | -2550.65 | 1906.74 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 176.00 | -176.00 | 173037.30 | 0.00 | 1004.65 | -2374.65 | 1730.74 |
| 03/03/17 | 0.00 | 0.00 | 0.00 Fees Payment | 04/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 522.49 | -522.49 | 173037.30 | 0.00 | 1004.65 | -1852.16 | 1208.25 |
| 04/01/17 | 1205.20 | 0.00 | 0.00 Payment Due | 04/01/17 | 1205.20 | 280.66 | 288.40 | 636.14 | 0.00 | 0.00 | 173037.30 | 0.00 | 1004.65 | -1852.16 | 1208.25 |
| 04/10/17 | 0.00 | 0.00 | -405.00 Foreclosure Cost | 04/01/17 | 1205.20 | 0.00 | 0.00 | 0.00 | -405.00 | 0.00 | 173037.30 | 0.00 | 1004.65 | -2257.16 | 1208.25 |
| 04/10/17 | 0.00 | 0.00 | -4.78 Foreclosure Cost | 04/01/17 | 1205.20 | 0.00 | 0.00 | 0.00 | -4.78 | 0.00 | 173037.30 | 0.00 | 1004.65 | -2261.94 | 1208.25 |
| 04/10/17 | 0.00 | 0.00 | -10.00 Foreclosure Cost | 04/01/17 | 1205.20 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 173037.30 | 0.00 | 1004.65 | -2271.94 | 1208.25 |
| 04/10/17 | 0.00 | 0.00 | -2052.12 Escrow Disbursement | 04/01/17 | 1205.20 | 0.00 | 0.00 | -2052.12 | 0.00 | 0.00 | 173037.30 | 0.00 | -1047.47 | -2271.94 | 1208.25 |
| 04/10/17 | 0.00 | 1205.20 | 0.00 Payment | 05/01/17 | 0.00 | 280.66 | 288.40 | 636.14 | 0.00 | 0.00 | 172756.64 | 0.00 | -411.33 | -2271.94 | 1208.25 |
| 04/26/17 | 0.00 | 0.00 | 0.00 Payment | 06/01/17 | -1208.25 | 281.13 | 287.93 | 639.19 | 0.00 | -1208.25 | 172475.51 | 0.00 | 227.86 | -2271.94 | 0.00 |
| 05/01/17 | 1208.25 | 0.00 | 0.00 Payment Due | 06/01/17 | 0.00 | 281.13 | 287.93 | 639.19 | 0.00 | 0.00 | 172475.51 | 0.00 | 227.86 | -2271.94 | 0.00 |
| 05/02/17 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 06/01/17 | 0.00 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 172475.51 | 0.00 | 116.99 | -2271.94 | 0.00 |
| 05/31/17 | 0.00 | 0.00 | -5.00 Phonepay Fees | 06/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | -5.00 | 0.00 | 172475.51 | 0.00 | 116.99 | -2276.94 | 0.00 |
| 05/31/17 | 0.00 | 1205.20 | 0.00 Payment | 07/01/17 | -1205.20 | 281.60 | 287.46 | 636.14 | 0.00 | 0.00 | 172193.91 | 0.00 | 753.13 | -2276.94 | 0.00 |
| 05/31/17 | 0.00 | 5.00 | 0.00 Phone Pay Fees Payment | 07/01/17 | -1205.20 | 0.00 | 0.00 | 0.00 | 5.00 | 0.00 | 172193.91 | 0.00 | 753.13 | -2271.94 | 0.00 |
| 06/01/17 | 1205.20 | 0.00 | 0.00 Payment Due | 07/01/17 | 0.00 | 281.60 | 287.46 | 636.14 | 0.00 | 0.00 | 172193.91 | 0.00 | 753.13 | -2271.94 | 0.00 |
| 06/30/17 | 0.00 | 1205.20 | 0.00 Payment | 08/01/17 | -1205.20 | 282.07 | 286.99 | 636.14 | 0.00 | 0.00 | 171911.84 | 0.00 | 1389.27 | -2271.94 | 0.00 |
| 07/01/17 | 1205.20 | 0.00 | 0.00 Payment Due | 08/01/17 | 0.00 | 282.07 | 286.99 | 636.14 | 0.00 | 0.00 | 171911.84 | 0.00 | 1389.27 | -2271.94 | 0.00 |
| 08/01/17 | 1205.20 | 0.00 | 0.00 Payment Due | 08/01/17 | 1205.20 | 282.54 | 286.52 | 636.14 | 0.00 | 0.00 | 171911.84 | 0.00 | 1389.27 | -2271.94 | 0.00 |
| 08/09/17 | 0.00 | 0.00 | -5.00 Phonepay Fees | 08/01/17 | 1205.20 | 0.00 | 0.00 | 0.00 | -5.00 | 0.00 | 171911.84 | 0.00 | 1389.27 | -2276.94 | 0.00 |
| 08/09/17 | 0.00 | 1205.20 | 0.00 Payment | 09/01/17 | 0.00 | 282.54 | 286.52 | 636.14 | 0.00 | 0.00 | 171629.30 | 0.00 | 2025.41 | -2276.94 | 0.00 |
| 08/09/17 | 0.00 | 5.00 | 0.00 Phone Pay Fees Payment | 09/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 5.00 | 0.00 | 171629.30 | 0.00 | 2025.41 | -2271.94 | 0.00 |
| 08/11/17 | 0.00 | 0.00 | -4560.89 Escrow Disbursement | 09/01/17 | 0.00 | 0.00 | 0.00 | -4560.89 | 0.00 | 0.00 | 171629.30 | 0.00 | -2535.48 | -2271.94 | 0.00 |
| 09/01/17 | 1297.25 | 0.00 | 0.00 Payment Due | 09/01/17 | 1297.25 | 232.04 | 429.07 | 636.14 | 0.00 | 0.00 | 171629.30 | 0.00 | -2535.48 | -2271.94 | 0.00 |

| Date | Amt1 | Amt2 | Description | Date | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/17 | 0.00 | 0.00 | -5.00 Phonepay Fees | 09/01/17 | 1297.25 | 0.00 | 0.00 | 0.00 | -5.00 | 0.00 | 171629.30 | 0.00 | -2535.48 | -2276.94 | 0.00 |
| 09/01/17 | 0.00 | 1297.25 | 0.00 Payment | 10/01/17 | 0.00 | 232.04 | 429.07 | 636.14 | 0.00 | 0.00 | 171397.26 | 0.00 | -1899.34 | -2276.94 | 0.00 |
| 09/01/17 | 0.00 | 5.00 | 0.00 Phone Pay Fees Payment | 10/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 5.00 | 0.00 | 171397.26 | 0.00 | -1899.34 | -2271.94 | 0.00 |
| 10/01/17 | 1297.25 | 0.00 | 0.00 Payment Due | 10/01/17 | 1297.25 | 232.62 | 428.49 | 636.14 | 0.00 | 0.00 | 171397.26 | 0.00 | -1899.34 | -2276.94 | 0.00 |
| 10/05/17 | 0.00 | 0.00 | -5.00 Phonepay Fees | 10/01/17 | 1297.25 | 0.00 | 0.00 | 0.00 | -5.00 | 0.00 | 171397.26 | 0.00 | -1899.34 | -2276.94 | 0.00 |
| 10/05/17 | 0.00 | 1297.25 | 0.00 Payment | 11/01/17 | 0.00 | 232.62 | 428.49 | 636.14 | 0.00 | 0.00 | 171164.64 | 0.00 | -1263.20 | -2276.94 | 0.00 |
| 10/05/17 | 0.00 | 5.00 | 0.00 Phone Pay Fees Payment | 11/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 5.00 | 0.00 | 171164.64 | 0.00 | -1263.20 | -2271.94 | 0.00 |
| 11/01/17 | 1297.25 | 0.00 | 0.00 Payment Due | 11/01/17 | 1297.25 | 233.20 | 427.91 | 636.14 | 0.00 | 0.00 | 171164.64 | 0.00 | -1263.20 | -2271.94 | 0.00 |
| 11/03/17 | 0.00 | 0.00 | -5.00 Phonepay Fees | 11/01/17 | 1297.25 | 0.00 | 0.00 | 0.00 | -5.00 | 0.00 | 171164.64 | 0.00 | -1263.20 | -2276.94 | 0.00 |
| 11/03/17 | 0.00 | 1297.25 | 0.00 Payment | 12/01/17 | 0.00 | 233.20 | 427.91 | 636.14 | 0.00 | 0.00 | 170931.44 | 0.00 | -627.06 | -2276.94 | 0.00 |
| 11/03/17 | 0.00 | 5.00 | 0.00 Phone Pay Fees Payment | 12/01/17 | 0.00 | 0.00 | 0.00 | 0.00 | 5.00 | 0.00 | 170931.44 | 0.00 | -627.06 | -2271.94 | 0.00 |
| 11/27/17 | 0.00 | 1297.25 | 0.00 Payment | 01/01/18 | -1297.25 | 233.78 | 427.33 | 636.14 | 0.00 | 0.00 | 170697.66 | 0.00 | 9.08 | -2271.94 | 0.00 |
| 12/01/17 | 1297.25 | 0.00 | 0.00 Payment Due | 01/01/18 | 0.00 | 233.78 | 427.33 | 636.14 | 0.00 | 0.00 | 170697.66 | 0.00 | 9.08 | -2276.94 | 0.00 |
| 01/01/18 | 1297.25 | 0.00 | 0.00 Payment Due | 01/01/18 | 1297.25 | 234.37 | 426.74 | 636.14 | 0.00 | 0.00 | 170697.66 | 0.00 | 9.08 | -2271.94 | 0.00 |
| 01/08/18 | 0.00 | 1297.25 | 0.00 Payment | 02/01/18 | 0.00 | 234.37 | 426.74 | 636.14 | 0.00 | 0.00 | 170463.29 | 0.00 | 645.22 | -2271.94 | 0.00 |
| 02/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 02/01/18 | 1587.14 | 234.95 | 426.16 | 926.03 | 0.00 | 0.00 | 170463.29 | 0.00 | 645.22 | -2271.94 | 0.00 |
| 02/01/18 | 0.00 | 0.00 | -702.01 Escrow Disbursement | 02/01/18 | 1587.14 | 0.00 | 0.00 | -702.01 | 0.00 | 0.00 | 170463.29 | 0.00 | -56.79 | -2271.94 | 0.00 |
| 02/02/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 02/01/18 | 1587.14 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 170463.29 | 0.00 | -56.79 | -2281.94 | 0.00 |
| 02/02/18 | 0.00 | 1587.14 | 0.00 Payment | 03/01/18 | 0.00 | 234.95 | 426.16 | 926.03 | 0.00 | 0.00 | 170228.34 | 0.00 | 869.24 | -2281.94 | 0.00 |
| 02/02/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 03/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 170228.34 | 0.00 | 869.24 | -2271.94 | 0.00 |
| 03/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 03/01/18 | 1587.14 | 235.54 | 425.57 | 926.03 | 0.00 | 0.00 | 170228.34 | 0.00 | 869.24 | -2271.94 | 0.00 |
| 03/02/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 03/01/18 | 1587.14 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 170228.34 | 0.00 | 869.24 | -2281.94 | 0.00 |
| 03/02/18 | 0.00 | 1587.14 | 0.00 Payment | 04/01/18 | 0.00 | 235.54 | 425.57 | 926.03 | 0.00 | 0.00 | 169992.80 | 0.00 | 1795.27 | -2281.94 | 0.00 |
| 03/02/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 04/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 169992.80 | 0.00 | 1795.27 | -2271.94 | 0.00 |
| 03/30/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 04/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 169992.80 | 0.00 | 1795.27 | -2281.94 | 0.00 |
| 03/30/18 | 0.00 | 1587.14 | 0.00 Payment | 05/01/18 | -1587.14 | 236.13 | 424.98 | 926.03 | 0.00 | 0.00 | 169756.67 | 0.00 | 2721.30 | -2281.94 | 0.00 |
| 03/30/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 05/01/18 | -1587.14 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 169756.67 | 0.00 | 2721.30 | -2271.94 | 0.00 |
| 04/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 05/01/18 | 0.00 | 236.13 | 424.98 | 926.03 | 0.00 | 0.00 | 169756.67 | 0.00 | 2721.30 | -2271.94 | 0.00 |
| 04/06/18 | 0.00 | 0.00 | -2097.60 Escrow Disbursement | 05/01/18 | 0.00 | 0.00 | 0.00 | -2097.60 | 0.00 | 0.00 | 169756.67 | 0.00 | 623.70 | -2271.94 | 0.00 |
| 04/30/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 05/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 169756.67 | 0.00 | 623.70 | -2281.94 | 0.00 |
| 04/30/18 | 0.00 | 1597.14 | 0.00 Payment | 06/01/18 | -1587.14 | 236.72 | 424.39 | 926.03 | 10.00 | 0.00 | 169519.95 | 0.00 | 1549.73 | -2271.94 | 0.00 |
| 05/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 06/01/18 | 0.00 | 236.72 | 424.39 | 926.03 | 0.00 | 0.00 | 169519.95 | 0.00 | 1549.73 | -2271.94 | 0.00 |
| 05/11/18 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 06/01/18 | 0.00 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 169519.95 | 0.00 | 1438.86 | -2271.94 | 0.00 |
| 06/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 06/01/18 | 1587.14 | 237.31 | 423.80 | 926.03 | 0.00 | 0.00 | 169519.95 | 0.00 | 1438.86 | -2271.94 | 0.00 |
| 06/01/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 06/01/18 | 1587.14 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 169519.95 | 0.00 | 1438.86 | -2281.94 | 0.00 |
| 06/01/18 | 0.00 | 1587.14 | 0.00 Payment | 07/01/18 | 0.00 | 237.31 | 423.80 | 926.03 | 0.00 | 0.00 | 169282.64 | 0.00 | 2364.89 | -2281.94 | 0.00 |
| 06/01/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 07/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 169282.64 | 0.00 | 2364.89 | -2271.94 | 0.00 |
| 07/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 07/01/18 | 1587.14 | 237.90 | 423.21 | 926.03 | 0.00 | 0.00 | 169282.64 | 0.00 | 2364.89 | -2271.94 | 0.00 |
| 07/02/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 07/01/18 | 1587.14 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 169282.64 | 0.00 | 2364.89 | -2281.94 | 0.00 |
| 07/02/18 | 0.00 | 1587.14 | 0.00 Payment | 08/01/18 | 0.00 | 237.90 | 423.21 | 926.03 | 0.00 | 0.00 | 169044.74 | 0.00 | 3290.92 | -2281.94 | 0.00 |
| 07/02/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 08/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 169044.74 | 0.00 | 3290.92 | -2271.94 | 0.00 |
| 07/31/18 | 0.00 | 0.00 | -4559.60 Escrow Disbursement | 08/01/18 | 0.00 | 0.00 | 0.00 | -4559.60 | 0.00 | 0.00 | 169044.74 | 0.00 | -1268.68 | -2271.94 | 0.00 |
| 08/01/18 | 1587.14 | 0.00 | 0.00 Payment Due | 08/01/18 | 1587.14 | 238.50 | 422.61 | 926.03 | 0.00 | 0.00 | 169044.74 | 0.00 | -1268.68 | -2271.94 | 0.00 |
| 08/02/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 08/01/18 | 1587.14 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 169044.74 | 0.00 | -1268.68 | -2281.94 | 0.00 |
| 08/02/18 | 0.00 | 1587.14 | 0.00 Payment | 09/01/18 | 0.00 | 238.50 | 422.61 | 926.03 | 0.00 | 0.00 | 168806.24 | 0.00 | -342.65 | -2281.94 | 0.00 |
| 08/02/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 09/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 168806.24 | 0.00 | -342.65 | -2271.94 | 0.00 |
| 09/01/18 | 1647.07 | 0.00 | 0.00 Payment Due | 09/01/18 | 1647.07 | 211.10 | 509.94 | 926.03 | 0.00 | 0.00 | 168806.24 | 0.00 | -342.65 | -2271.94 | 0.00 |
| 09/04/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 09/01/18 | 1647.07 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 168806.24 | 0.00 | -342.65 | -2281.94 | 0.00 |
| 09/04/18 | 0.00 | 1647.07 | 0.00 Payment | 10/01/18 | 0.00 | 211.10 | 509.94 | 926.03 | 0.00 | 0.00 | 168595.14 | 0.00 | 583.38 | -2281.94 | 0.00 |
| 09/04/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 10/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 168595.14 | 0.00 | 583.38 | -2271.94 | 0.00 |
| 10/01/18 | 1647.07 | 0.00 | 0.00 Payment Due | 10/01/18 | 1647.07 | 211.74 | 509.30 | 926.03 | 0.00 | 0.00 | 168595.14 | 0.00 | 583.38 | -2271.94 | 0.00 |
| 10/04/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 10/01/18 | 1647.07 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 168595.14 | 0.00 | 583.38 | -2281.94 | 0.00 |
| 10/04/18 | 0.00 | 1647.07 | 0.00 Payment | 11/01/18 | 0.00 | 211.74 | 509.30 | 926.03 | 0.00 | 0.00 | 168383.40 | 0.00 | 1509.41 | -2281.94 | 0.00 |
| 10/04/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 11/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 168383.40 | 0.00 | 1509.41 | -2271.94 | 0.00 |
| 11/01/18 | 1647.07 | 0.00 | 0.00 Payment Due | 11/01/18 | 1647.07 | 212.38 | 508.66 | 926.03 | 0.00 | 0.00 | 168383.40 | 0.00 | 1509.41 | -2271.94 | 0.00 |
| 11/02/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 11/01/18 | 1647.07 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 168383.40 | 0.00 | 1509.41 | -2281.94 | 0.00 |
| 11/02/18 | 0.00 | 1647.07 | 0.00 Payment | 12/01/18 | 0.00 | 212.38 | 508.66 | 926.03 | 0.00 | 0.00 | 168171.02 | 0.00 | 2435.44 | -2281.94 | 0.00 |
| 11/02/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 12/01/18 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 168171.02 | 0.00 | 2435.44 | -2271.94 | 0.00 |
| 12/01/18 | 1647.07 | 0.00 | 0.00 Payment Due | 12/01/18 | 1647.07 | 213.02 | 508.02 | 926.03 | 0.00 | 0.00 | 168171.02 | 0.00 | 2435.44 | -2271.94 | 0.00 |

| Date | Col2 | Col3 | Description | Date2 | Col5 | Col6 | Col7 | Col8 | Col9 | Col10 | Col11 | Col12 | Col13 | Col14 | Col15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/11/18 | 0.00 | 0.00 | -10.00 Phonepay Fees | 12/01/18 | 1647.07 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 168171.02 | 0.00 | 2435.44 | -2281.94 | 0.00 |
| 12/11/18 | 0.00 | 1647.07 | 0.00 Payment | 01/01/19 | 0.00 | 213.02 | 508.02 | 926.03 | 0.00 | 0.00 | 167958.00 | 0.00 | 3361.47 | -2281.94 | 0.00 |
| 12/11/18 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 01/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 167958.00 | 0.00 | 3361.47 | -2271.94 | 0.00 |
| 01/01/19 | 1647.07 | 0.00 | 0.00 Payment Due | 01/01/19 | 1647.07 | 213.67 | 507.37 | 926.03 | 0.00 | 0.00 | 167958.00 | 0.00 | 3361.47 | -2271.94 | 0.00 |
| 01/08/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 01/01/19 | 1647.07 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 167958.00 | 0.00 | 3361.47 | -2281.94 | 0.00 |
| 01/08/19 | 0.00 | 1647.07 | 0.00 Payment | 02/01/19 | 0.00 | 213.67 | 507.37 | 926.03 | 0.00 | 0.00 | 167744.33 | 0.00 | 4287.50 | -2281.94 | 0.00 |
| 01/08/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 02/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 167744.33 | 0.00 | 4287.50 | -2271.94 | 0.00 |
| 02/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 02/01/19 | 1349.39 | 214.31 | 506.73 | 628.35 | 0.00 | 0.00 | 167744.33 | 0.00 | 4287.50 | -2271.94 | 0.00 |
| 02/08/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 02/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 167744.33 | 0.00 | 4287.50 | -2281.94 | 0.00 |
| 02/08/19 | 0.00 | 1349.39 | 0.00 Payment | 03/01/19 | 0.00 | 214.31 | 506.73 | 628.35 | 0.00 | 0.00 | 167530.02 | 0.00 | 4915.85 | -2281.94 | 0.00 |
| 02/08/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 03/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 167530.02 | 0.00 | 4915.85 | -2271.94 | 0.00 |
| 02/20/19 | 0.00 | 0.00 | -702.01 Escrow Disbursement | 03/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | -702.01 | 0.00 | 167530.02 | 0.00 | 4213.84 | -2271.94 | 0.00 |
| 03/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 03/01/19 | 1349.39 | 214.96 | 506.08 | 628.35 | 0.00 | 0.00 | 167530.02 | 0.00 | 4213.84 | -2271.94 | 0.00 |
| 03/11/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 03/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 167530.02 | 0.00 | 4213.84 | -2281.94 | 0.00 |
| 03/11/19 | 0.00 | 1349.39 | 0.00 Payment | 04/01/19 | 0.00 | 214.96 | 506.08 | 628.35 | 0.00 | 0.00 | 167315.06 | 0.00 | 4842.19 | -2281.94 | 0.00 |
| 03/11/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 04/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 167315.06 | 0.00 | 4842.19 | -2271.94 | 0.00 |
| 04/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 04/01/19 | 1349.39 | 215.61 | 505.43 | 628.35 | 0.00 | 0.00 | 167315.06 | 0.00 | 4842.19 | -2271.94 | 0.00 |
| 04/05/19 | 0.00 | 0.00 | -2886.79 Escrow Disbursement | 04/01/19 | 1349.39 | 0.00 | 0.00 | -2886.79 | 0.00 | 0.00 | 167315.06 | 0.00 | 1955.40 | -2271.94 | 0.00 |
| 04/10/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 04/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 167315.06 | 0.00 | 1955.40 | -2281.94 | 0.00 |
| 04/10/19 | 0.00 | 1349.39 | 0.00 Payment | 05/01/19 | 0.00 | 215.61 | 505.43 | 628.35 | 0.00 | 0.00 | 167099.45 | 0.00 | 2583.75 | -2281.94 | 0.00 |
| 04/10/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 05/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 167099.45 | 0.00 | 2583.75 | -2271.94 | 0.00 |
| 05/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 05/01/19 | 1349.39 | 216.26 | 504.78 | 628.35 | 0.00 | 0.00 | 167099.45 | 0.00 | 2583.75 | -2271.94 | 0.00 |
| 05/01/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 05/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 167099.45 | 0.00 | 2583.75 | -2281.94 | 0.00 |
| 05/01/19 | 0.00 | 1349.39 | 0.00 Payment | 06/01/19 | 0.00 | 216.26 | 504.78 | 628.35 | 0.00 | 0.00 | 166883.19 | 0.00 | 3212.10 | -2281.94 | 0.00 |
| 05/01/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 06/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 166883.19 | 0.00 | 3212.10 | -2271.94 | 0.00 |
| 05/06/19 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 06/01/19 | 0.00 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 166883.19 | 0.00 | 3101.23 | -2271.94 | 0.00 |
| 06/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 06/01/19 | 1349.39 | 216.91 | 504.13 | 628.35 | 0.00 | 0.00 | 166883.19 | 0.00 | 3101.23 | -2271.94 | 0.00 |
| 06/05/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 06/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 166883.19 | 0.00 | 3101.23 | -2281.94 | 0.00 |
| 06/05/19 | 0.00 | 1349.39 | 0.00 Payment | 07/01/19 | 0.00 | 216.91 | 504.13 | 628.35 | 0.00 | 0.00 | 166666.28 | 0.00 | 3729.58 | -2281.94 | 0.00 |
| 06/05/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 07/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 166666.28 | 0.00 | 3729.58 | -2271.94 | 0.00 |
| 07/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 07/01/19 | 1349.39 | 217.57 | 503.47 | 628.35 | 0.00 | 0.00 | 166666.28 | 0.00 | 3729.58 | -2271.94 | 0.00 |
| 07/11/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 07/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 166666.28 | 0.00 | 3729.58 | -2281.94 | 0.00 |
| 07/11/19 | 0.00 | 1349.39 | 0.00 Payment | 08/01/19 | 0.00 | 217.57 | 503.47 | 628.35 | 0.00 | 0.00 | 166448.71 | 0.00 | 4357.93 | -2281.94 | 0.00 |
| 07/11/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 08/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 166448.71 | 0.00 | 4357.93 | -2271.94 | 0.00 |
| 08/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 08/01/19 | 1349.39 | 218.23 | 502.81 | 628.35 | 0.00 | 0.00 | 166448.71 | 0.00 | 4357.93 | -2271.94 | 0.00 |
| 08/08/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 08/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 166448.71 | 0.00 | 4357.93 | -2281.94 | 0.00 |
| 08/08/19 | 0.00 | 1349.39 | 0.00 Payment | 09/01/19 | 0.00 | 218.23 | 502.81 | 628.35 | 0.00 | 0.00 | 166230.48 | 0.00 | 4986.28 | -2281.94 | 0.00 |
| 08/08/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 09/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 166230.48 | 0.00 | 4986.28 | -2271.94 | 0.00 |
| 08/14/19 | 0.00 | 0.00 | -4670.50 Escrow Disbursement | 09/01/19 | 0.00 | 0.00 | 0.00 | -4670.50 | 0.00 | 0.00 | 166230.48 | 0.00 | 315.78 | -2271.94 | 0.00 |
| 09/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 09/01/19 | 1349.39 | 218.89 | 502.15 | 628.35 | 0.00 | 0.00 | 166230.48 | 0.00 | 315.78 | -2271.94 | 0.00 |
| 09/10/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 09/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 166230.48 | 0.00 | 315.78 | -2281.94 | 0.00 |
| 09/10/19 | 0.00 | 1349.39 | 0.00 Payment | 10/01/19 | 0.00 | 218.89 | 502.15 | 628.35 | 0.00 | 0.00 | 166011.59 | 0.00 | 944.13 | -2281.94 | 0.00 |
| 09/10/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 10/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 166011.59 | 0.00 | 944.13 | -2271.94 | 0.00 |
| 10/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 10/01/19 | 1349.39 | 219.55 | 501.49 | 628.35 | 0.00 | 0.00 | 166011.59 | 0.00 | 944.13 | -2271.94 | 0.00 |
| 10/11/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 10/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 166011.59 | 0.00 | 944.13 | -2281.94 | 0.00 |
| 10/11/19 | 0.00 | 1349.39 | 0.00 Payment | 11/01/19 | 0.00 | 219.55 | 501.49 | 628.35 | 0.00 | 0.00 | 165792.04 | 0.00 | 1572.48 | -2281.94 | 0.00 |
| 10/11/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 11/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 165792.04 | 0.00 | 1572.48 | -2271.94 | 0.00 |
| 11/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 11/01/19 | 1349.39 | 220.21 | 500.83 | 628.35 | 0.00 | 0.00 | 165792.04 | 0.00 | 1572.48 | -2271.94 | 0.00 |
| 11/05/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 11/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 165792.04 | 0.00 | 1572.48 | -2281.94 | 0.00 |
| 11/05/19 | 0.00 | 1349.39 | 0.00 Payment | 12/01/19 | 0.00 | 220.21 | 500.83 | 628.35 | 0.00 | 0.00 | 165571.83 | 0.00 | 2200.83 | -2281.94 | 0.00 |
| 11/05/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 12/01/19 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 165571.83 | 0.00 | 2200.83 | -2271.94 | 0.00 |
| 12/01/19 | 1349.39 | 0.00 | 0.00 Payment Due | 12/01/19 | 1349.39 | 220.88 | 500.16 | 628.35 | 0.00 | 0.00 | 165571.83 | 0.00 | 2200.83 | -2271.94 | 0.00 |
| 12/13/19 | 0.00 | 0.00 | -10.00 Phonepay Fees | 12/01/19 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 165571.83 | 0.00 | 2200.83 | -2281.94 | 0.00 |
| 12/13/19 | 0.00 | 1349.39 | 0.00 Payment | 01/01/20 | 0.00 | 220.88 | 500.16 | 628.35 | 0.00 | 0.00 | 165350.95 | 0.00 | 2829.18 | -2281.94 | 0.00 |
| 12/13/19 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 01/01/20 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 165350.95 | 0.00 | 2829.18 | -2271.94 | 0.00 |
| 01/01/20 | 1349.39 | 0.00 | 0.00 Payment Due | 01/01/20 | 1349.39 | 221.54 | 499.50 | 628.35 | 0.00 | 0.00 | 165350.95 | 0.00 | 2829.18 | -2271.94 | 0.00 |
| 01/08/20 | 0.00 | 0.00 | -10.00 Phonepay Fees | 01/01/20 | 1349.39 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 165350.95 | 0.00 | 2829.18 | -2281.94 | 0.00 |
| 01/08/20 | 0.00 | 1349.39 | 0.00 Payment | 02/01/20 | 0.00 | 221.54 | 499.50 | 628.35 | 0.00 | 0.00 | 165129.41 | 0.00 | 3457.53 | -2281.94 | 0.00 |
| 01/08/20 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 02/01/20 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 165129.41 | 0.00 | 3457.53 | -2271.94 | 0.00 |

| Date | | | Description | Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 02/01/20 | 1477.94 | 222.21 | 498.83 | 756.90 | 0.00 | 0.00 | 165129.41 | 0.00 | 3457.53 | -2271.94 | 0.00 |
| 02/10/20 | 0.00 | 0.00 | -702.01 Escrow Disbursement | 02/01/20 | 1477.94 | 0.00 | 0.00 | -702.01 | 0.00 | 0.00 | 165129.41 | 0.00 | 2755.52 | -2271.94 | 0.00 |
| 02/14/20 | 0.00 | 0.00 | -10.00 Phonepay Fees | 02/01/20 | 1477.94 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 165129.41 | 0.00 | 2755.52 | -2281.94 | 0.00 |
| 02/14/20 | 0.00 | 1477.94 | 0.00 Payment | 03/01/20 | 0.00 | 222.21 | 498.83 | 756.90 | 0.00 | 0.00 | 164907.20 | 0.00 | 3512.42 | -2281.94 | 0.00 |
| 02/14/20 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 03/01/20 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 164907.20 | 0.00 | 3512.42 | -2271.94 | 0.00 |
| 03/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 03/01/20 | 1477.94 | 222.88 | 498.16 | 756.90 | 0.00 | 0.00 | 164907.20 | 0.00 | 3512.42 | -2271.94 | 0.00 |
| 03/18/20 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 03/01/20 | 1477.94 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 164907.20 | 0.00 | 3512.42 | -2307.99 | 0.00 |
| 03/30/20 | 0.00 | 0.00 | -10.00 Phonepay Fees | 03/01/20 | 1477.94 | 0.00 | 0.00 | 0.00 | -10.00 | 0.00 | 164907.20 | 0.00 | 3512.42 | -2317.99 | 0.00 |
| 03/30/20 | 0.00 | 1513.99 | 0.00 Payment | 04/01/20 | 0.00 | 222.88 | 498.16 | 756.90 | 36.05 | 0.00 | 164684.32 | 0.00 | 4269.32 | -2281.94 | 0.00 |
| 03/30/20 | 0.00 | 10.00 | 0.00 Phone Pay Fees Payment | 04/01/20 | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 0.00 | 164684.32 | 0.00 | 4269.32 | -2271.94 | 0.00 |
| 04/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 04/01/20 | 1477.94 | 223.56 | 497.48 | 756.90 | 0.00 | 0.00 | 164684.32 | 0.00 | 4269.32 | -2271.94 | 0.00 |
| 04/14/20 | 0.00 | 0.00 | -2496.77 Escrow Disbursement | 04/01/20 | 1477.94 | 0.00 | 0.00 | -2496.77 | 0.00 | 0.00 | 164684.32 | 0.00 | 1772.55 | -2271.94 | 0.00 |
| 04/30/20 | 0.00 | 1477.94 | 0.00 Payment | 05/01/20 | 0.00 | 223.56 | 497.48 | 756.90 | 0.00 | 0.00 | 164460.76 | 0.00 | 2529.45 | -2271.94 | 0.00 |
| 05/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 05/01/20 | 1477.94 | 224.23 | 496.81 | 756.90 | 0.00 | 0.00 | 164460.76 | 0.00 | 2529.45 | -2271.94 | 0.00 |
| 05/01/20 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 05/01/20 | 1477.94 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 164460.76 | 0.00 | 2418.58 | -2271.94 | 0.00 |
| 05/07/20 | 0.00 | -1477.94 | 0.00 Payment Reversal | 04/01/20 | 2955.88 | -223.56 | -497.48 | -756.90 | 0.00 | 0.00 | 164684.32 | 0.00 | 1661.68 | -2271.94 | 0.00 |
| 05/22/20 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 04/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 164684.32 | 0.00 | 1661.68 | -2273.44 | 0.00 |
| 05/22/20 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 04/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 164684.32 | 0.00 | 1661.68 | -2288.44 | 0.00 |
| 05/22/20 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 04/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 164684.32 | 0.00 | 1661.68 | -2288.53 | 0.00 |
| 05/28/20 | 0.00 | 0.00 | -25.00 Nsf Fees | 04/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -25.00 | 0.00 | 164684.32 | 0.00 | 1661.68 | -2313.53 | 0.00 |
| 05/28/20 | 0.00 | 2980.88 | 0.00 Payment | 05/01/20 | 1477.94 | 223.56 | 497.48 | 756.90 | 25.00 | 0.00 | 164460.76 | 0.00 | 2418.58 | -2288.53 | 1477.94 |
| 05/28/20 | 0.00 | 0.00 | 0.00 Payment | 06/01/20 | 0.00 | 224.23 | 496.81 | 756.90 | 0.00 | -1477.94 | 164236.53 | 0.00 | 3175.48 | -2288.53 | 0.00 |
| 06/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 06/01/20 | 1477.94 | 224.23 | 496.13 | 756.90 | 0.00 | 0.00 | 164236.53 | 0.00 | 3175.48 | -2288.53 | 0.00 |
| 07/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 06/01/20 | 2955.88 | 225.59 | 495.45 | 756.90 | 0.00 | 0.00 | 164236.53 | 0.00 | 3175.48 | -2288.53 | 0.00 |
| 07/15/20 | 0.00 | 2955.88 | 0.00 Payment | 07/01/20 | 1477.94 | 224.91 | 496.13 | 756.90 | 0.00 | 1477.94 | 164011.62 | 0.00 | 3932.38 | -2288.53 | 1477.94 |
| 07/15/20 | 0.00 | 0.00 | 0.00 Payment | 08/01/20 | 0.00 | 225.59 | 495.45 | 756.90 | 0.00 | -1477.94 | 163786.03 | 0.00 | 4689.28 | -2288.53 | 0.00 |
| 08/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 1477.94 | 226.27 | 494.77 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 4689.28 | -2288.53 | 0.00 |
| 08/17/20 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 1477.94 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | 4689.28 | -2324.58 | 0.00 |
| 08/17/20 | 0.00 | 0.00 | -4667.91 Escrow Disbursement | 08/01/20 | 1477.94 | 0.00 | 0.00 | -4667.91 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2324.58 | 0.00 |
| 09/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 2955.88 | 226.95 | 494.09 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2324.58 | 0.00 |
| 09/16/20 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | 21.37 | -2360.63 | 0.00 |
| 09/23/20 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | 21.37 | -2360.72 | 0.00 |
| 09/23/20 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | 21.37 | -2362.22 | 0.00 |
| 09/23/20 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 2955.88 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2377.22 | 0.00 |
| 10/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 4433.82 | 227.64 | 493.40 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2377.22 | 0.00 |
| 10/16/20 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 4433.82 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | 21.37 | -2413.27 | 0.00 |
| 10/26/20 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 4433.82 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | 21.37 | -2413.36 | 0.00 |
| 10/26/20 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 4433.82 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | 21.37 | -2414.86 | 0.00 |
| 10/26/20 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 4433.82 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2429.86 | 0.00 |
| 11/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 5911.76 | 228.33 | 492.71 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2429.86 | 0.00 |
| 11/17/20 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 5911.76 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | 21.37 | -2465.91 | 0.00 |
| 11/27/20 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 5911.76 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | 21.37 | -2467.41 | 0.00 |
| 11/27/20 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 5911.76 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | 21.37 | -2467.50 | 0.00 |
| 11/27/20 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 5911.76 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2482.50 | 0.00 |
| 12/01/20 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 7389.70 | 229.02 | 492.02 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2482.50 | 0.00 |
| 12/16/20 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 7389.70 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | 21.37 | -2518.55 | 0.00 |
| 12/28/20 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 7389.70 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2533.55 | 0.00 |
| 12/28/20 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 7389.70 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | 21.37 | -2535.05 | 0.00 |
| 12/28/20 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 7389.70 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | 21.37 | -2535.14 | 0.00 |
| 01/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 8867.64 | 229.71 | 491.33 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2535.14 | 0.00 |
| 01/19/21 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 8867.64 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | 21.37 | -2571.19 | 0.00 |
| 01/27/21 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 8867.64 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2586.19 | 0.00 |
| 01/27/21 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 8867.64 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | 21.37 | -2586.28 | 0.00 |
| 01/27/21 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 8867.64 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | 21.37 | -2587.78 | 0.00 |
| 02/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 10345.58 | 230.40 | 490.64 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | 21.37 | -2587.78 | 0.00 |
| 02/05/21 | 0.00 | 0.00 | -731.26 Escrow Disbursement | 08/01/20 | 10345.58 | 0.00 | 0.00 | -731.26 | 0.00 | 0.00 | 163786.03 | 0.00 | -709.89 | -2587.78 | 0.00 |
| 02/16/21 | 0.00 | 0.00 | -27.84 Late Charge Assessment | 08/01/20 | 10345.58 | 0.00 | 0.00 | 0.00 | -27.84 | 0.00 | 163786.03 | 0.00 | -709.89 | -2615.62 | 0.00 |
| 02/17/21 | 0.00 | 0.00 | 27.84 Late Charge Waived | 08/01/20 | 10345.58 | 0.00 | 0.00 | 0.00 | 27.84 | 0.00 | 163786.03 | 0.00 | -709.89 | -2587.78 | 0.00 |
| 03/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 11823.52 | 231.10 | 489.94 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -709.89 | -2587.78 | 0.00 |

| Date | | | Description | Date | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/02/21 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 11823.52 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -709.89 | -2589.28 | 0.00 |
| 03/02/21 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 11823.52 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | -709.89 | -2604.28 | 0.00 |
| 03/02/21 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 11823.52 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -709.89 | -2604.37 | 0.00 |
| 03/16/21 | 0.00 | 0.00 | -36.05 Late Charge Assessment | 08/01/20 | 11823.52 | 0.00 | 0.00 | 0.00 | -36.05 | 0.00 | 163786.03 | 0.00 | -709.89 | -2640.42 | 0.00 |
| 04/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 13301.46 | 231.80 | 489.24 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -709.89 | -2640.42 | 0.00 |
| 04/06/21 | 0.00 | 0.00 | -2496.77 Escrow Disbursement | 08/01/20 | 13301.46 | 0.00 | 0.00 | -2496.77 | 0.00 | 0.00 | 163786.03 | 0.00 | -3206.66 | -2640.42 | 0.00 |
| 04/07/21 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 13301.46 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | -3206.66 | -2655.42 | 0.00 |
| 05/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 14779.40 | 232.50 | 488.54 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -3206.66 | -2655.42 | 0.00 |
| 05/07/21 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 08/01/20 | 14779.40 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 163786.03 | 0.00 | -3317.53 | -2655.42 | 0.00 |
| 06/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 16257.34 | 233.20 | 487.84 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -3317.53 | -2655.42 | 0.00 |
| 07/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 17735.28 | 233.90 | 487.14 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -3317.53 | -2655.42 | 0.00 |
| 08/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 19213.22 | 234.61 | 486.43 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -3317.53 | -2655.42 | 0.00 |
| 08/27/21 | 0.00 | 0.00 | -4842.10 Escrow Disbursement | 08/01/20 | 19213.22 | 0.00 | 0.00 | -4842.10 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 09/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 20691.16 | 235.32 | 485.72 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 10/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 22169.10 | 236.03 | 485.01 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 11/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 23647.04 | 236.74 | 484.30 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 12/01/21 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 25124.98 | 237.46 | 483.58 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 01/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 26602.92 | 238.17 | 482.87 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 02/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 28080.86 | 238.89 | 482.15 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8159.63 | -2655.42 | 0.00 |
| 02/11/22 | 0.00 | 0.00 | -731.26 Escrow Disbursement | 08/01/20 | 28080.86 | 0.00 | 0.00 | -731.26 | 0.00 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2655.42 | 0.00 |
| 03/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 29558.80 | 239.62 | 481.42 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2656.92 | 0.00 |
| 03/08/22 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 29558.80 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2656.92 | 0.00 |
| 03/08/22 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 29558.80 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2671.92 | 0.00 |
| 03/08/22 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 29558.80 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2672.01 | 0.00 |
| 04/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 31036.74 | 240.34 | 480.70 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2672.01 | 0.00 |
| 04/05/22 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 31036.74 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2687.01 | 0.00 |
| 04/05/22 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 31036.74 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2688.51 | 0.00 |
| 04/05/22 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 31036.74 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -8890.89 | -2688.60 | 0.00 |
| 04/06/22 | 0.00 | 0.00 | -3319.19 Escrow Disbursement | 08/01/20 | 31036.74 | 0.00 | 0.00 | -3319.19 | 0.00 | 0.00 | 163786.03 | 0.00 | -12210.08 | -2688.60 | 0.00 |
| 04/29/22 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 31036.74 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -12210.08 | -2688.69 | 0.00 |
| 04/29/22 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 31036.74 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -12210.08 | -2690.19 | 0.00 |
| 04/29/22 | 0.00 | 0.00 | -15.00 Fc Prop Inspec | 08/01/20 | 31036.74 | 0.00 | 0.00 | 0.00 | -15.00 | 0.00 | 163786.03 | 0.00 | -12210.08 | -2705.19 | 0.00 |
| 05/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 32514.68 | 241.07 | 479.97 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -12210.08 | -2705.19 | 0.00 |
| 05/03/22 | 0.00 | 0.00 | -50.00 Foreclosure Fees | 08/01/20 | 32514.68 | 0.00 | 0.00 | 0.00 | -50.00 | 0.00 | 163786.03 | 0.00 | -12210.08 | -2755.19 | 0.00 |
| 05/05/22 | 0.00 | 0.00 | -250.00 Foreclosure Cost | 08/01/20 | 32514.68 | 0.00 | 0.00 | 0.00 | -250.00 | 0.00 | 163786.03 | 0.00 | -12210.08 | -3005.19 | 0.00 |
| 05/06/22 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 08/01/20 | 32514.68 | 0.00 | 0.00 | -110.87 | 0.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3005.19 | 0.00 |
| 05/31/22 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 32514.68 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3006.69 | 0.00 |
| 05/31/22 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 32514.68 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3006.78 | 0.00 |
| 05/31/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 32514.68 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3026.78 | 0.00 |
| 06/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 33992.62 | 241.79 | 479.25 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3026.78 | 0.00 |
| 06/29/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 33992.62 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3046.78 | 0.00 |
| 06/29/22 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 33992.62 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3048.28 | 0.00 |
| 06/29/22 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 33992.62 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3048.37 | 0.00 |
| 07/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 35470.56 | 242.52 | 478.52 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3048.37 | 0.00 |
| 07/29/22 | 0.00 | 0.00 | -1.50 Fc Prop Inspec | 08/01/20 | 35470.56 | 0.00 | 0.00 | 0.00 | -1.50 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3049.87 | 0.00 |
| 07/29/22 | 0.00 | 0.00 | -0.09 Fc Prop Inspec | 08/01/20 | 35470.56 | 0.00 | 0.00 | 0.00 | -0.09 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3049.96 | 0.00 |
| 07/29/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 35470.56 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3069.96 | 0.00 |
| 08/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 36948.50 | 243.26 | 477.78 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -12320.95 | -3069.96 | 0.00 |
| 08/08/22 | 0.00 | 0.00 | -4863.21 Escrow Disbursement | 08/01/20 | 36948.50 | 0.00 | 0.00 | -4863.21 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3069.96 | 0.00 |
| 08/30/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 36948.50 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3089.96 | 0.00 |
| 09/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 38426.44 | 243.99 | 477.05 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3089.96 | 0.00 |
| 09/27/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 38426.44 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3109.96 | 0.00 |
| 10/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 39904.38 | 244.73 | 476.31 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3109.96 | 0.00 |
| 10/31/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 39904.38 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3129.96 | 0.00 |
| 11/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 41382.32 | 245.47 | 475.57 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3129.96 | 0.00 |
| 11/28/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 41382.32 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3149.96 | 0.00 |
| 12/01/22 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 42860.26 | 246.21 | 474.83 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3149.96 | 0.00 |
| 12/28/22 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 42860.26 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3169.96 | 0.00 |
| 01/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 44338.20 | 246.95 | 474.09 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3169.96 | 0.00 |

| Date | | | Description | Date | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/19/23 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 44338.20 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3189.96 | 0.00 |
| 02/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 45816.14 | 247.70 | 473.34 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17184.16 | -3189.96 | 0.00 |
| 02/02/23 | 0.00 | 0.00 | -731.26 Escrow Disbursement | 08/01/20 | 45816.14 | 0.00 | 0.00 | 0.00 | -731.26 | 0.00 | 163786.03 | 0.00 | -17915.42 | -3189.96 | 0.00 |
| 02/13/23 | 0.00 | 0.00 | -345.00 Foreclosure Fees | 08/01/20 | 45816.14 | 0.00 | 0.00 | 0.00 | -345.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -3534.96 | 0.00 |
| 02/13/23 | 0.00 | 0.00 | -250.00 Foreclosure Cost | 08/01/20 | 45816.14 | 0.00 | 0.00 | 0.00 | -250.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -3784.96 | 0.00 |
| 02/13/23 | 0.00 | 0.00 | -203.75 Foreclosure Cost | 08/01/20 | 45816.14 | 0.00 | 0.00 | 0.00 | -203.75 | 0.00 | 163786.03 | 0.00 | -17915.42 | -3988.71 | 0.00 |
| 02/15/23 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 45816.14 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -4008.71 | 0.00 |
| 03/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 47294.08 | 248.45 | 472.59 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -4008.71 | 0.00 |
| 03/17/23 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 47294.08 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -4028.71 | 0.00 |
| 03/27/23 | 0.00 | 0.00 | -690.00 Foreclosure Fees | 08/01/20 | 47294.08 | 0.00 | 0.00 | 0.00 | -690.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -4718.71 | 0.00 |
| 04/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 48772.02 | 249.20 | 471.84 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -17915.42 | -4718.71 | 0.00 |
| 04/06/23 | 0.00 | 0.00 | -3647.54 Escrow Disbursement | 08/01/20 | 48772.02 | 0.00 | 0.00 | -3647.54 | 0.00 | 0.00 | 163786.03 | 0.00 | -21562.96 | -4718.71 | 0.00 |
| 04/07/23 | 0.00 | 0.00 | 118.50 Foreclosure Cost | 08/01/20 | 48772.02 | 0.00 | 0.00 | 0.00 | 118.50 | 0.00 | 163786.03 | 0.00 | -21562.96 | -4600.21 | 0.00 |
| 04/17/23 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 48772.02 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -21562.96 | -4620.21 | 0.00 |
| 04/20/23 | 0.00 | 0.00 | -690.00 Foreclosure Fees | 08/01/20 | 48772.02 | 0.00 | 0.00 | 0.00 | -690.00 | 0.00 | 163786.03 | 0.00 | -21562.96 | -5310.21 | 0.00 |
| 04/20/23 | 0.00 | 0.00 | -26.00 Foreclosure Cost | 08/01/20 | 48772.02 | 0.00 | 0.00 | 0.00 | -26.00 | 0.00 | 163786.03 | 0.00 | -21562.96 | -5336.21 | 0.00 |
| 04/20/23 | 0.00 | 0.00 | -2000.00 Fc Sherriff Comm | 08/01/20 | 48772.02 | 0.00 | 0.00 | 0.00 | -2000.00 | 0.00 | 163786.03 | 0.00 | -21562.96 | -7336.21 | 0.00 |
| 05/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 50249.96 | 249.95 | 471.09 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -21562.96 | -7336.21 | 0.00 |
| 05/08/23 | 0.00 | 0.00 | -110.87 Escrow Disbursement | 08/01/20 | 50249.96 | 0.00 | 0.00 | 0.00 | -110.87 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7336.21 | 0.00 |
| 05/15/23 | 0.00 | 0.00 | -20.00 Fc Prop Inspec | 08/01/20 | 50249.96 | 0.00 | 0.00 | 0.00 | -20.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7356.21 | 0.00 |
| 05/22/23 | 0.00 | 0.00 | -35.50 Foreclosure Cost | 08/01/20 | 50249.96 | 0.00 | 0.00 | 0.00 | -35.50 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7391.71 | 0.00 |
| 06/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 51727.90 | 250.71 | 470.33 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7391.71 | 0.00 |
| 06/30/23 | 0.00 | 0.00 | -30.00 Prop Insp Fees | 08/01/20 | 51727.90 | 0.00 | 0.00 | 0.00 | -30.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7421.71 | 0.00 |
| 07/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 53205.84 | 251.46 | 469.58 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7421.71 | 0.00 |
| 07/17/23 | 0.00 | 0.00 | -400.00 Fc Title Search | 08/01/20 | 53205.84 | 0.00 | 0.00 | 0.00 | -400.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7821.71 | 0.00 |
| 07/17/23 | 0.00 | 0.00 | -65.00 Fc Title Search | 08/01/20 | 53205.84 | 0.00 | 0.00 | 0.00 | -65.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7886.71 | 0.00 |
| 08/01/23 | 1477.94 | 0.00 | 0.00 Payment Due | 08/01/20 | 54683.78 | 252.22 | 468.82 | 756.90 | 0.00 | 0.00 | 163786.03 | 0.00 | -21673.83 | -7886.71 | 0.00 |
| 08/01/23 | 0.00 | 0.00 | -5002.03 Escrow Disbursement | 08/01/20 | 54683.78 | 0.00 | 0.00 | -5002.03 | 0.00 | 0.00 | 163786.03 | 0.00 | -26675.86 | -7886.71 | 0.00 |
| 08/03/23 | 0.00 | 0.00 | -16.20 Fc Fee/Costs | 08/01/20 | 54683.78 | 0.00 | 0.00 | 0.00 | -16.20 | 0.00 | 163786.03 | 0.00 | -26675.86 | -7902.91 | 0.00 |
| 08/03/23 | 0.00 | 0.00 | -650.00 Attorney Fee F/C Lns | 08/01/20 | 54683.78 | 0.00 | 0.00 | 0.00 | -650.00 | 0.00 | 163786.03 | 0.00 | -26675.86 | -8552.91 | 0.00 |
| 08/10/23 | 0.00 | 0.00 | 0.00 B/K Filed | 08/01/20 | 54683.78 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 163786.03 | 0.00 | -26675.86 | -8552.91 | 0.00 |

# FAY SERVICING

**ESCROW ACCOUNT**
**DISCLOSURE STATEMENT**

P.O.Box 814609
Dallas, TX  75381-4609

| | |
|---|---|
| Loan Number: | |
| Analysis Date: | 9/20/2023 |

ALAN R SHINGLE
277 KILLIAN RD
HONEYBROOK PA 19344

**Customer Service**
Monday-Friday    9:00 a.m. to 5:00 p.m. CT
Saturday    10:00 a.m. to 2:00 p.m. CT

| | Present Payment | **NEW PAYMENT** |
|---|---|---|
| | | **Effective 09/01/2023** |
| Principal & Interest | $721.04 | $721.04 |
| Escrow Deposit | $756.90 | $790.98 |
| Optional Insurance | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Subsidy | $0.00 | $0.00 |
| Total | $1,477.94 | $1,512.02 |

**ESCROW ANALYSIS STATEMENT**

At least once every12 months Fay Servicing analyzes your escrow account, in accordance with federal regulations, to ensure we collect sufficient funds to pay escrow items when they are due. The escrow account analysis below is an estimate of the activity that will occur in your escrow account over the next 12 months. The analysis will show if you currently have a shortage or overage in your account. If there is an overage amount over $50, the full amount of the overage will be refunded to you.

| | Escrow Advance | PROJECTED ESCROW ACTIVITY FOR THE NEXT 12 MONTHS | | | | | |
|---|---|---|---|---|---|---|---|
| BK Filed | As of Filing Date | | | | | | |
| 8/10/2023 | $26,675.86 | | PAYMENTS | PAYMENTS | | PROJECTED | REQUIRED |
| | | MONTH | TO ESCROW | FROM ESCROW | DESCRIPTION | BALANCE | BALANCE |
| Escrow in POC: | | | | | | | $1,581.95 |
| | $0.00 | Sep-23 | $790.98 | $0.00 | | $790.98 | $2,372.93 |
| | $0.00 | Oct-23 | $790.98 | $0.00 | | $1,581.95 | $3,163.90 |
| | $0.00 | Nov-23 | $790.98 | $0.00 | | $2,372.93 | $3,954.88 |
| | $0.00 | Dec-23 | $790.98 | $0.00 | | $3,163.90 | $4,745.85 |
| | $0.00 | Jan-24 | $790.98 | $0.00 | | $3,954.88 | $5,536.83 |
| | $0.00 | Feb-24 | $790.98 | $731.26 | COUNTY TAX | $4,014.59 | $5,596.54 |
| | $0.00 | Mar-24 | $790.98 | $0.00 | | $4,805.57 | $6,387.52 |
| | $0.00 | Apr-24 | $790.98 | $0.00 | | $5,596.54 | $7,178.49 |
| | $0.00 | May-24 | $790.98 | $3,758.41 | CITY/TOWN, HOI | $2,629.11 | $4,211.06 |
| | $0.00 | Jun-24 | $790.98 | $0.00 | | $3,420.08 | $5,002.03 |
| | $0.00 | Jul-24 | $790.98 | $0.00 | | $4,211.06 | $5,793.01 |
| | $0.00 | Aug-24 | $790.98 | $5,002.03 | SCHOOL | $0.00 | $1,581.95 |
| | $0.00 | | | | | | |
| | $0.00 | Total: | $9,491.70 (a) | $9,491.70 | | | |
| | $0.00 | | | | | | |
| | $0.00 | | | | | | |
| | $0.00 | | | | | | |
| | $0.00 | | | | | | |
| | $0.00 | | | | | | |

| | | | | |
|---|---|---|---|---|
| Escrow in POC: | $0.00 | Required | $1,581.95 | |
| Escrow at Filing: | $26,675.86 | Escrow Balance | ($26,675.86) | |
| Total: | ($26,675.86) | Total Required: | $28,257.81 | Escrow Shortage Placed in POC |

**ESCROW PAYMENT AMOUNT**

**1. Projected Monthly Escrow Payment**

The section titled "Projected Escrow Activity for the Next 12 Months" is a schedule that represents all anticipated payments to and from escrow for the coming year. First, we take the total of all Projected Payments from Escrow (a) and divide it equally over 12 months to determine your Projected Monthly Escrow Payment: **$9,491.70 / 12months = $790.98**

**2. Escrow Surplus/Shortage**

The minimum escrow balance required in your account is known as the Required Low Point. This is **$1,581.95** under "Projected Escrow Activity for the Next 12 Months". The Required Low Point is set in accordance with your mortgage contract, state law or federal law.  Mortgage Insurance, if any, is not included in the Required Low Point calculation. Next, we compare the Projected Low Point **$0.00** to the Required Low Point **$1,581.95** to determine the Required Balance **$1,581.95**.  Next, we compare the Required Balance **$1,581.95** to the Escrow Balance **$26,675.86** to determine the overage/shortage: You have a shortage of **$28,257.81** because the Escrow Balance of **$26,675.86** is less than the Required Balance of **$1,581.95**.  The shortage is placed in the proof of claim.

**3. New Monthly Escrow Payment**

Monthly Escrow Payment:    **$790.98**
Effective Date                        **09/01/2023**

## ESCROW ACCOUNT DISCLOSURE STATEMENT
### ACCOUNT HISTORY

Loan Number:                                                                                                          Date:      **9/20/2023**

This is a statement of actual activity in your escrow account from 00/00/0000 through 00/00/0000. This section provides last year's projections and compares it with actual activity.

An asterisk (*) indicates a difference from a previous estimate either in the date or amount and may be caused by any of the following:

· The actual amount of insurance or taxes paid since your last Escrow Analysis Statement was higher or lower than anticipated

· Additional funds were applied to your escrow account

· The time elapsed between payments to escrow and disbursement from escrow was shorter or longer than anticipated on your last Escrow Analysis Statement.

| | Payments | | Disbursements | | | Escrow Balance | |
|---|---|---|---|---|---|---|---|
| Month | Projected | Actual | Projected | Actual | Description | Projected | Actual |
| | | | | | Beginning Balance | | |
| TOTAL | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 |

# BEST OF BOTH WORLDS MORTGAGE NOTE
### (1 Year Treasury Index -- Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

April 29, 2004                    Honeybrook                    Pennsylvania

[City]                    [State]

277 Killian Road, Honeybrook, PA 19344

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 183,000.00    (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is Sovereign Bank. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 3.7500 %. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on June 1, 2005 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on May 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1130 Berkshire Blvd., Wyomissing, PA, 19610, or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 847.51    . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the first day of May 2006    , and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index and Margin

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of 1 year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

The "Margin" on my account will be Two and Nineteen / Twentieths    percentage points ( 2.9500 %).

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding my Margin, the Current Index and 5.875

percentage points ( 5.875 %). The Note Holder will then divide the result of this addition by two (2) and round this result to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 5.5000 % or less than 2.9500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One and Three / Quarters    percentage points ( 1.7500 %) from the rate of interest I have been paying for the preceding twelve months. My interest rate will never be greater than 7.7500 %.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a prepayment if I have not made all the monthly payments due under the Note.

I may make a full prepayment or partial prepayments without paying a prepayment charge. The Note Holder will use my prepayments to reduce the amount of principal that I owe under this Note. However, the Note Holder may apply my prepayment to the accrued and unpaid interest on the prepayment amount, before applying my prepayment to reduce the principal amount of the Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be $5.0000$ % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Borrower

*Alan R. Shingle*
A l a n   R .   S h i n g l e
_____ (Seal)
Borrower

_____ (Seal)
Borrower

_____ (Seal)
Borrower

[Sign Original Only]

Note Allonge

Loan: ████████
Borrower: ALAN R. SHINGLE AND LISA SHINGLE
Property Address: 277 KILLIAN RD, HONEYBROOK, PENNSYLVANIA 19344
Loan Amount: $183,000.00

For the purpose of endorsement of the attached Note, this Allonge is affixed and becomes a permanent part of said
Note.

Pay to the order of:

MTGLQ INVESTORS, L.P., without recourse

SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK

By:
Name:   CARLIE F. SPEECE
Title:   Assistant Vice President

SHINGLE
MTGL

KASOTA
SANTANDER-PRIV

# NOTE ALLONGE

This Note Allonge is attached to and made a part of the Note, for the purpose of Noteholder Endorsement to evidence transfer of interest.

| | |
|---|---|
| **Servicer Loan Number:** | █████ |
| **Original Note Date:** | APRIL 29, 2004 |
| **Original Loan Amount:** | $183,000.00 |
| **Original Lender:** | SANTANDER BANK, N.A., FORMELY KNOWN AS SOVEREIGHN BANK |
| **Borrower:** | ALAN R SHINGLE AND LISA SHINGLE |
| **Property Addresses:** | 277 KILLIAN RD, HONEYBROOK, PA 19344 |

PAY TO THE ORDER OF:

Without recourse:

MTGLQ INVESTORS by Fay Servicing, LLC as Attorney in fact

By: _____
Name:
Title:    Assistant Secretary

Case 23-12410-amc    Claim 2-1    Filed 10/17/23    Desc Main Document    Page 22 of 49
Case 23-12410-amc    Doc 12-1    Filed 10/23/23    Entered 10/23/23 10:33:06    Desc
Exhibit - Filed Proof of Claim    Page 22 of 49

**eage abstract**

**File No. ▮▮▮▮▮▮**

AFTER RECORDING MAIL TO:

Sovereign Bank
MSC 10-421-LP3
525 Lancaster Avenue, Suite 305
Reading, PA 19611

**REVIEWED**

LOAN NO. ▮▮▮▮▮▮

[Space Above This Line For Recording Data]

## OPEN-END MORTGAGE
### (Secures Future Advances)

THIS MORTGAGE ("Security Instrument") is given on      April 29, 2004      . The mortgagor is
Alan R. Shingle and Lisa Shingle

("Borrower"). This Security Instrument is given to
Sovereign Bank
which is organized and existing under the laws of the United States of America, and whose address is
1130 Berkshire Blvd,Wyomissing,PA  19510                                   ("Lender").
Borrower owes Lender the principal sum of One Hundred Eighty Three Thousand Dollars and no/100
      Dollars (U.S. $183,000.00   ).  This debt is evidenced by Borrower's note dated the same date as this
Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on May 1, 2035             .  This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all
other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the
performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose,
Borrower does hereby mortgage, grant and convey to Lender the following described property located in
Chester                                County, Pennsylvania:

SEE ATTACHED SCHEDULE



RECORDER OF DEEDS

which has the address of      277 Killian Road         ,         Honeybrook       ,
                              [Street]                           [City]
Pennsylvania    19344      ("Property Address");
                [Zip Code]

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be
covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."
   BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.

PENNSYLVANIA--SINGLE FAMILY--FNMA/FHLMC UNIFORM INSTRUMENT                      FORM 3039 9/90
                                    PAGE 1 OF 8

This Document Recorded          Doc Id: 10408204                              10408204
05/05/2004                      Receipt #: 167816                             Page 1 of 11
12:30PM                         Rec Fee: 82.50                                B-6143 P-2148
Doc Code: MTG Chester County, Recorder of Deeds Office    EAGE ABSTRACT    05/05/2004 12:30P

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS.  Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums.  These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount.  If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank.  Lender shall apply the Funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge.  However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds.  Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds.  Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made.  The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any.  Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment.  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph.  If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance.  This insurance shall be maintained in the amounts and for the periods that Lender requires.  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld.  If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

**PENNSYLVANIA--SINGLE FAMILY--FNMA/FHLMC UNIFORM INSTRUMENT**                    **FORM 3039 9/90**
PAGE 2 OF 8

Form No. 1068-2
ALTA Plain Language Commitment

Commitment No.: 
Page Number:

## Schedule "C"

ALL THAT CERTAIN tract of land, situate in West Nantmeal Township, Chester, County, Pennsylvania, bounded and described as follows, to wit

BEGINNING at the Northeast corner thereof, a point in or near the middle of the public road leading from formerly Lewis Mitts to Brandywine Church, it being a corner of land of the said John E. Pfabler and land of Howard Greist, thence extending along in the said road by land of William F. Browell, South four degrees and thirty minutes East, 120 feet to a point in said road, thence leaving the road, by land retained by John E. Pfabler, South eighty-nine degrees and forty minutes West 207 feet to an iron pin, thence by the same, North four degrees and thirty minutes West 120 feet to an iron pin on line of land of Howard Greist, thence by said land, North eighty-nine degrees and forty minutes East, 207 feet to the place of beginning.

CONTAINING 91.3 perches.

PARCEL NUMBER: ▮▮▮▮▮ ✓

BEING THE SAME PREMISES WHICH Raymond Shepherd, by Indenture dated 09-04-01 and recorded 09-04-01 in the Office of the Recorder of Deeds in and for the County of Chester in Record Book 5054 page 1297, granted and conveyed unto Vickie L. Nunemaker.

10408204
Page 3 of 3
B-6143 P-2148

EDGE ABSTRACT

First American Title Insurance Company

Case 23-12410-amc    Doc 12-1    Filed 10/23/23    Desc Main Document    Page 25 of 49
Exhibit - Filed Proof of Claim    Page 25 of 49
LOAN NO:

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

PENNSYLVANIA–SINGLE FAMILY–FNMA/FHLMC UNIFORM INSTRUMENT                    FORM 3039 9/90
PAGE 3 OF 8



10408204
Page 4 of 13
B-6143 P-2148

EDGE ABSTRACT                 05/05/2004 '2 39P

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**PENNSYLVANIA–SINGLE FAMILY–FNMA/FHLMC UNIFORM INSTRUMENT**
PAGE 4 OF 8

**FORM 3039 9/90**



10408204
Page 5 of 13
B-6143 P-2148

EDGE ABSTRACT                      05/15/2004 12:35P

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.**
The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.
**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.**

**22. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**23. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.



10408204
Page 8 of 13
B-6143 P-2148

EDGE ABSTRACT          05/25/2004 12:39P

Case 23-12410-amc   Doc 12-1   Filed 10/17/23   Desc Main Document   Page 28 of 49
Case 23-12410-amc   Claim 2-1   Filed 10/23/23   Entered 10/25/23 10:33:06   Desc
Exhibit - Filed Proof of Claim   Page 28 of 49

**24. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**25. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**26. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**27. Riders to this Security Instrument.**
If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

- [x] Adjustable Rate Rider
- [ ] Condominium Rider
- [ ] 1-4 Family Rider
- [ ] Graduated Payment Rider
- [ ] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] Balloon Rider
- [ ] Rate Improvement Rider
- [ ] Second Home Rider
- [ ] Other(s) [specify]
- [x] Addendum to Note and Mortgage (Construction Loan Period Only)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     _Alan R. Shingle_____ (Seal)
                                      Alan R. Shingle            -Borrower

_____(Seal)  Social Security Number ████████
                                -Borrower

Social Security Number                _Lisa Shingle_____ (Seal)
                                      Lisa Shingle               -Borrower

                                      Social Security Number ████████

                                      _____ (Seal)
                                                                -Borrower

                                      Social Security Number

──────[Space Below This Line For Acknowledgment]──────

**Certificate of Residence**

I, Ruth Torres _____, do hereby certify that the correct address of the within-named Mortgagee is 1130 Berkshire Boulevard, Wyomissing, PA 19610

Witness my hand this 29th day of April 2004.

                                      _____ Agent of Mortgagee
                                      Chester County ss:

**COMMONWEALTH OF PENNSYLVANIA,**

On this, the 24th day of April, 2004, before me, the undersigned officer, personally appeared Alan R. Shingle and Lisa Shingle

known to me (or satisfactorily proven) to be the person whose name are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission expires:

                                      _Judeh Gilbert_____
                                      _Notary Public_____
```
Notarial Seal
Linda M. Gilbert, Notary Public
Wyomissing Boro, Berks County
My Commission Expires Mar. 29, 2008
```
                                      Title of Officer

**PENNSYLVANIA--SINGLE FAMILY--FNMA/FHLMC UNIFORM INSTRUMENT**          **FORM 3039 9/90**
PAGE 6 OF 8

10408204
Page 7 of 13
B-6143 P-2148

EDGE ABSTRACT          05/06/2004 12:39P

Case 23-12410-amc   Claim 21   Filed 10/17/23   Desc Main Document   Page 29 of 49
Case 23-12410-amc   Doc 12-1   Filed 10/23/23   Entered 10/25/23 10:33:06   Desc
Exhibit - Filed Proof of Claim   Page 29 of 49

**OPEN END MORTGAGE**
**(Secures Future Advances)**



**ADDENDUM TO NOTE AND MORTGAGE**
(Construction Loan Period Only)

THIS ADDENDUM TO NOTE AND MORTGAGE is made this 29th _____ day of April _____ 2004 ,
and is incorporated into and shall be deemed to amend and supplement the Note and Mortgage of the same date given by the undersigned
(the "Borrower") to Sovereign Bank, (the "Lender"). Payment of the Note is secured by the Mortgage on the Property described in the Mortgage.

Borrower and Lender have agreed to the terms of a commitment letter dated April 27 _____ 2004 (the "Commitment Letter")
and a Construction Loan Agreement dated April 29 , 2004 (the "Agreement"), to enable the Borrower finance the construction
of a residence on the Property and to provide permanent financing of that residence. This Addendum to Note and Mortgage, together with the
Commitment Letter and Agreement, governs the terms of the loan but only during construction.

The Note and Rider to Mortgage are amended as follows:

a. During the construction period, the following shall be added to paragraph 1 of my Note:

**1. Borrower's Promise to Pay**

Notwithstanding the provisions of the Note, this Addendum To Note and Mortgage governs my loan during construction, which shall
be called the "Construction Loan." The principal amount of the Construction Loan that will be advanced to me as provided in the
Agreement is 183,000.00 . I promise to pay this principal, plus interest, to the order of the Lender, as provided in the
Addendum To Note And Mortgage.

b. During the construction period, paragraphs 3(c), and 3(d), 3(e) and 3(f), shall be added to my Note, as follows:

**3(c) Payments of the Construction Loan**

I will pay interest on the outstanding balance of principal of my Construction Loan by making payments every month.

I will make payments of interest on the first day of each month on the principal amount that the Lender
advanced to me up to the last day of the previous month. The Lender will bill me for this interest.

**3(d) Conversion of Construction Loan to Permanent Loan**

My Construction Loan will end on whichever of the following dates comes first:

(i) the same day of the month as this Addendum To Note And Mortgage shown above which first occurs after construction of my
new home is finished and the Lender has made its last advance for construction costs; or

(ii) April 29 _____ 2005 .

On the day my Construction Loan ends the loan will convert to a Permanent Loan. This day is called my "Conversion Date."

On the Conversion Date the Construction Loan Agreement and this Addendum To Note And Mortgage shall lapse, except for any liability I may
still have under the Construction Loan Agreement for failing to meet its terms, and repayment of my loan will then be governed by my Note, the
Security Instrument and the Commitment Letter.

(  ) **3(e)  Principal Payment On Sale Of My Present Property**

(  ) If checked, when I sell my Present Property, but in no event later than the Conversion Date, I will pay the Lender_____ ,
the amount necessary to reduce the principal amount of my Construction Loan to the principal amount of my Permanent Loan as set forth in
my Note, which is $_____ .

**3(f)  Payment Of My Permanent Loan**

I will begin my principal and interest payments in the amount and on the date specified in paragraphs 3(A) and 3(B)
of my Note. However, if the Conversion Date occurs prior or, with the consent of the Lender, subsequent to April 29 2005 , I
agree to enter into a Modification Agreement with the Lender so that my Permanent Loan payments will begin on the first day of the 2nd month
after the Conversion Date and the maturity date of my Note is changed so that my Permanent Loan extends over substantially the same
amortization period as contained in my Note.

10408204
Page 8 of 13
B-6143 P-2148

EDGE ABSTRACT                    05/25/2004 12 39P

Case 23-12410-amc Claim 2-1 Filed 10/17/23 Desc Main Document Page 30 of 49
Case 23-12410-amc Doc 122-1 Filed 10/25/23 Entered 10/25/23 10:33:06 Desc
Exhibit - Filed Proof of Claim Page 30 of 49

c.     (  )  If checked, the following Section 11 is added to my Note:

**11.   Additional Security**

In addition to the Security Instrument referred to in my Note which covers my new home to be constructed on the Property, I am signing a Mortgage, Deed of Trust or Security Deed (the "Additional Security Instrument"), dated the same day as my Note, on my Present Property to further protect the Note Holder from possible losses which might result if I do not keep the promises which I make in my Note and this Addendum To Note And Mortgage. The Additional Security Instrument on my Present Property will give the Lender all the same protections as the Security Instrument covering the Property and will be subject to all the terms and conditions in my Note, this Addendum To Note And Mortgage, the Agreement and the Commitment Letter.

BY SIGNING BELOW and intending to be legally bound, Borrower accepts and agrees to the terms of this Addendum To Note And Mortgage on the date shown above.

_Alan R. Shingle_ _____ (SEAL)
Borrower
Alan R. Shingle

_Lisa Shingle_ _____ (SEAL)
Borrower
Lisa Shingle

_____ (SEAL)
Borrower

_____ (SEAL)
Borrower

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA:
                                    :SS.
COUNTY OF _Chester_                 :

BE IT REMEMBERED, that on this _29th_ day of _April_ _____, before me a Notary Public of the above State, personally appeared _Alan R. Shingle and Lisa Shingle_ who I am satisfied is/are the person(s) named in and who executed the within Addendum To Note And Mortgage, and thereupon he/she/they acknowledged that he/she/they signed, sealed and delivered the same as a voluntary act and deed, for the uses and purposes expressed in the Addendum To Note And Mortgage, and desired that it be recorded as such.

_Linda Gilbert_ _____
Notary Public

Notarial Seal
Linda M. Gilbert, Notary Public
Wyomissing Boro, Berks County
My Commission Expires Mar. 29, 2008

10408204
Page 9 of 13
B-6143 P-2148

EDGE ABSTRACT          08/05/2004 '3:39P

Case 2:23-12410-amc Doc 12-1 Filed 10/17/23 Desc Main Document Page 31 of 49
Case 23-12410-amc Claim 2-1 Filed 10/25/23 Entered 10/25/23 10:33:06 Desc
Exhibit Filed Proof of Claim Page 31 of 49

# BEST OF BOTH WORLDS MORTGAGE RIDER

LOAN NO.

## (1 Year Treasury Index -- Rate Caps)

THIS ADJUSTABLE RATE RIDER is made this 9th day of April 2004 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to Sovereign Bank (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

277 Killian Road, Honeybrook, PA 19344

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial interest rate of 3.7500 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of May 2006 , and on that day every 12th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index and Margin**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the weekly average yield on United States Treasury securities adjusted to a constant maturity of 1 year, as made available by the Federal Reserve Board. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

The "Margin" on my account will be Two and Nineteen / Twentieths percentage points (2.9500 %).

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding my Margin, the Current Index and 5.875 percentage points ( 5.875 %). The Note Holder will then divide the result of this addition by two (2) and round this result to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 5.5000 % or less than 2.9500 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One and Three / Quarters percentage points ( 1.7500 %) from the rate of interest I have been paying for the preceding twelve months. My interest rate will never be greater than 7.7500 %).

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Section 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lenders prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

10408204

EDGE ABSTRACT          05/15/2004 12:39P      B-6143 P-2148

Page 1 of 2

**MULTISTATE ADJUSTABLE RATE RIDER--SINGLE FAMILY--UNIFORM INSTRUMENT Sovereign Bank Form P3111.03 3/99**

Case 23-12410-amc  Claim 21    Filed 10/17/23    Desc Main Document    Page 32 of 49
Case 23-12410-amc    Doc 12-1    Filed 10/25/23    Entered 10/25/23 10:33:06    Desc
Exhibit - Filed Proof of Claim    Page 32 of 49

## CONSTRUCTION RIDER TO BEST OF BOTH WORLDS NOTE AND MORTGAGE

THIS CONSTRUCTION RIDER (the "Rider")is made this __29th__ day of __April__, 20 __04__ , and is incorporated into and shall be deemed to amend and supplement the Best of Both Worlds Note and Mortgage (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to Sovereign Bank (the "Lender"). Payment of the Note is secured by the Security Instrument on the the real property (the"Property") described in the Security Instrument.

Borrower and Lender have agreed to a certain Construction Loan Agreement dated __April      29__ , 20 __04__ (the "C/L Agreement"). The C/L Agreement provides for the financing of construction by Borrower of a residence on the Property. When construction is completed Lender has agreed to convert the construction financing to permanent financing. The terms of the permanent financing are contained in the Note and the Security Instrument. This rider, together with the C/L Agreement, amends the Note and the Security Instrument to govern the terms of the construction financing, as follows:

a.    During the construction loan phase, the following paragraph shall be added to the end of Section 1 of the Note and shall also be incorporated into the Security Instrument:

### 1.    BORROWER'S PROMISE TO PAY

The loan evidenced by the Note has two phases, a construction loan phase and a permanent loan phase. During the construction loan phase, the loan shall be called the "Construction Loan" and advances of Principal shall be made to me from time to time as construction milestones are completed according to the C/L Agreement. I promise to pay the principal advanced to me on the Construction Loan, plus interest computed daily at the rate provided in Section 4.A of the Note, to the order of Lender, as provided in Sections 3.A, 3.B and 3.C of the Note, as amended by this Rider.

b.    During the construction loan phase, Section 2.A shall be added to the Note and shall also amend the Security Instrument, as follows:

### 2.A  Interest on Construction Loan

Notwithstanding anything in Section 2 of the Note to the contrary, during the Construction Loan Interest will be charged on the unpaid balance of principal advanced to me from time to time until the full amount of principal has been paid or my loan converts to a permanent loan. I will pay interest as provided in Section 3.A of the Note, but my monthly payments will begin on the first day of the first month after any sum is advanced to me on my behalf. The rate of interest may change in accordance with Section 4.A of the Note.

The Interest rate required by this Section 2.A and Section 4.A of this Note is the rate I will pay both before and after any default of the C/L Agreement and the Note.

c.    During the construction loan phase, Sections 3.A, 3.B and 3.C shall be added to the Note and shall also amend the Security Instrument, as follows:

### 3.A  Payment of the Construction Loan

I will pay interest on the outstanding balance of principal of my Construction Loan by making payments every month.

I will make monthly payments of interest on the first day of each month on the principal amount of the Construction Loan that the Lender advanced to me up to the last day of the previous month. Lender will bill me for this interest beginning on the first day of the first month after the first advance on my Construction Loan.

### 3.B  Conversion of Construction Loan to Permanent Loan

My Construction Loan will end on the same day of the month as the closing of my Loan which next occurs after construction on the Property is finished and Lender has made its last advance for construction costs, but in no event later than __April 29      2005__ .

On the day my Construction Loan ends the loan will convert to a permanent loan. This day is called my "Conversion Date." On the Conversion Date the C/L Agreement and this Rider shall end, except for any



EDGE ABSTRACT        05/06/2004 12:39P        10408204
Page 12 of 13
B-6143 P-2148

CONSTRUCTION PRIME RIDER

Case 23-12410-amc   Claim 2-1   Filed 10/17/23   Desc Main Document   Page 33 of 49
Case 23-12410-amc   Doc 12-1   Filed 10/25/23   Entered 10/25/23 10:33:06   Desc
Exhibit - Filed Proof of Claim   Page 33 of 49

liability I may still have under the C/L Agreement for failing to meet my obligations under the C/L Agreement. Repayment of my loan will then be governed solely by my Note and the Security Instrument.

### 3.C   Payment Of My Permanent Loan

I will begin my principal and interest payments on the permanent loan in the amount and on the date specified in Sections 3(A) and 3(B) of my Note. However, if the Conversion Date occurs prior or, with the consent of Lender, subsequent to _____,_____, I agree to enter into a Modification Agreement with Lender so that my permanent loan payments will begin on the first day of the second month after the Conversion Date and the maturity date of my Note is changed so that my permanent loan extends over substantially the same term as is now contained in my Note.

   d.    During the construction loan phase, Section 4.A shall be added to the Note and shall also amend the Security Instrument, as follows:

### 4.A   Adjustable Interest Rate on Construction Loan

(A)  Change Dates

Notwithstanding anything in Section 4 of the Note to the contrary, during the Construction Loan the adjustable interest rate I will pay may change on the first day of each calendar month. Each date on which my adjustable interest rate could change is called a "Change Date."

(B)  The Index and Margin

The Index used to determine my adjustable rate on any Change Date is the Prime Rate published in the Money Rates column of The Wall Street Journal on the last business day of the calendar month prior to that Change Date.

The Margin on my Construction Loan will be __-(Zero and One / Quarter)__ percentage points (_-.250___ %).

(C)  Calculation of Changes

Before each Change Date, the Lender will calculate my new interest rate by adding my Margin to the Index. Subject to the limit stated in Section 4.A(d) below, this amount will be my new interest rate until the next Change Date.

(D)  Limits on Interest Rate Changes

Notwithstanding anything in Section 4(D) of the Note to the contrary, the interest rate that I am required to pay during the Construction Loan will not be greater than 18.0% or less than __3   0000__%.

(E)  Effective Date of Changes

My new interest rate will become effective on each monthly Change Date.

(F)  No Notice of Changes During Construction Loan

I will not receive any notice of interest rate changes during the Construction Loan.

   e.    To the extent that the terms of this Rider conflict with the terms of the Note or the Security Instrument, the Lender and I agree that the terms of this Rider shall prevail.

**BY SIGNING BELOW** and intending to be legally bound, Borrower accepts and agrees to the terms of this Construction Rider To Best of Both Worlds Note And Mortgage on the date shown above.

_____(SEAL)          _____(SEAL)
Borrower   Alan R. Shingle                         Borrower

_____(SEAL)          _____(SEAL)
Borrower   Lisa Shingle                             Borrower

Page 2 of 2

10408204
B-6143 P-2148

EDGE ABSTRACT

CONSTRUCTION PRIME RIDER 2

11391565 B: 9058 P: 1764 ASM
02/18/2015 08:52:07 AM Page 1 of 3
Rec Fees: $71.00   State: $0.00
Rick Loughery, Recorder of Deeds Chester County, PA





Prepared by, Recording Requested By and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928
Loan
Client ID

# ASSIGNMENT OF MORTGAGE

*FOR VALUE RECEIVED*, **SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK,
ITS SUCCESSORS AND ASSIGNS**, whose address is 601 Penn Street, Reading, PA 19601, does hereby assign
and transfer to **MTGLQ INVESTORS, L.P.** whose address is c/o The Goldman Sachs Group, Inc., 6011
Connection Drive, 5th Floor, Irving, TX 75039, all its right, title and interest in and to the described Mortgage,
together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed
by **ALAN R. SHINGLE AND LISA SHINGLE** to **SOVEREIGN BANK** for **$183,000.00** dated 4/29/2004 of
record on **5/5/2004** in Book **6143** Page **2148**, in the **CHESTER** County Clerk's Office, State of
**PENNSYLVANIA**.

Property Address: 277 KILLIAN RD, HONEYBROOK, PENNSYLVANIA 19344

Parcel: UPI #
Township: WEST NANTMEAL TOWNSHIP
I certify that the address of the within named assignee is 6011 Connection Drive, 5th Floor, Irving, TX 75039

Executed this   **9/10/2014**

**SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK**

By:   **CARLIE F. SPEECE**
Title: ASSISTANT VICE PRESIDENT

SHINGLE          KASOTA
MTGL             SANTANDER-PRIV

11391565 B: 9058 P: 1765 ASM
02/18/2015 08:52:07 AM Page 2 of 3

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA

COUNTY OF BERKS

Before me, the undersigned officer, on this day, personally appeared CARLIE E. SPEECE the ASSISTANT VICE PRESIDENT of SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK, ITS SUCCESSORS AND ASSIGNS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this  9/10/2014

Notary Public in and for the State of PENNSYLVANIA
Notary's Printed Name: DEANNA M. TADDEI
My Commission Expires: 01/04/2015

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Deanna M. Taddei, Notary Public
City of Reading, Berks County
My Commission Expires Jan. 4, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

For $183,000.00 dated 4/29/2004
Loan ▮▮▮▮▮▮▮▮▮

Unofficial Copy

ALL THAT CERTAIN tract of land, situate in West Nantmeal Township, Chester, County, Pennsylvania, bounded and described as follows, to wit

BEGINNING at the Northeast corner thereof, a point in or near the middle of the public road leading from formerly Lewis Mitts to Brandywine Church, it being a corner of land of the said John E. Pfbler and land of Howard Greist, thence extending along in the said road by William F. Browell, South four degrees and thirty minutes East, 120 feet to a point in said road, thence leaving the road, by land retained by John E. Pfabler, South eighty-nine degrees and forty minutes West 207 feet to an iron pin, thence by the same, North four degrees and thirty minutes West 120 feet to an iron pin on line of land of Howard Griest, thence by said land, North eighty-nine degrees and forty minutes East, 207 feet to the place of beginning.

CONTAINING 91.3 perches.

PARCEL NUMBER: ▮▮▮▮▮▮

BEING THE SAME PREMISES WHICH Raymond Shepherd, by Indenture dated 09-04-01 and recorded 09-04-01 in the Office of the Recorder of Deeds in and for the County of Chester in Record Book 5054 page 1297, granted and conveyed unto Vickie L. Nunemaker.

11391565 B: 9058 P: 1766 ASM
02/18/2015 08:52:07 AM Page 3 of 3

1649102 B: 9875 P: 1933 ASM
01/23/2019 09:14:23AM Page 1 of 3
Rec Fees: $80.75
Rick Loughery Recorder of Deeds, Chester County, PA



Brown and Associates
2316 Southmore Ave.
Pasadena, TX 77502

Prepared By ~~and Return To:~~
Kathleen Collins
Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(727) 497-4650

UPI#  ✔

**RECORDER OF DEEDS**

Loan No:
Sver Ln No:
GS ID:

Space above for Recorder's use

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MTGLQ INVESTORS, L.P.**, whose address is **2001 ROSS AVENUE SUITE 2800, DALLAS, TEXAS 75201**, (ASSIGNOR), does hereby grant, assign and transfer to **FORETHOUGHT LIFE INSURANCE COMPANY**, whose address is **300 N. MERIDIAN ST., SUITE 1800, INDIANAPOLIS, IN 46204**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **4/29/2004**
Original Loan Amount: **$183,000.00**
Executed by (Borrower(s)): **ALAN R. SHINGLE & LISA SHINGLE**
Original Lender: **SOVEREIGN BANK**
Filed of Record: In Book/Liber/Volume **6143**, Page **2148**,
Document/Instrument No: **10408204** in the Recording District of **CHESTER, PA**, Recorded on **5/5/2004**.
**MUNICIPALITY: TOWNSHIP OF WEST NANTMEAL**

Legal Description: SEE EXHIBIT "A" ATTACHED
Property more commonly described as: **277 KILLIAN ROAD, HONEYBROOK, PENNSYLVANIA 19344**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: _____ **JUL 1 1 2018**

**MTGLQ INVESTORS, L.P.**

_____
By: **DAVE SLEAR**
Title: **VICE PRESIDENT**

Witness Name: _____  **Jim Reust**

I hereby certify the precise address of the within named **FORETHOUGHT LIFE INSURANCE COMPANY** (Assignee) is **300 N. MERIDIAN ST., SUITE 1800, INDIANAPOLIS, IN 46204**.

_____

Case 23-12410-amc Doc 212-1 Filed 10/25/23 Desc Main Document Page 38 of 49
Exhibit - Filed Proof of Claim 8-7 Page 980 of 49
01/23/2019 09:14:23 AM Page 2 of 3

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **TEXAS**
County of **DALLAS**

On __JUL 1 1 2018__, before me, **JENNIFER LYNNE CARY**, a Notary Public, personally appeared **DAVE SLEAR, VICE PRESIDENT** of/for **MTGLQ INVESTORS, L.P.**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **TEXAS** that the foregoing paragraph is true and correct. I further certify DAVE SLEAR, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): **JENNIFER LYNNE CARY**
My commission expires: __NOV 2 0 2018__

JENNIFER LYNNE CARY
Notary Public, State of Texas
Comm. Expires 11-20-2018
**Notary ID 130032409**

EXHIBIT "A"

ALL THAT CERTAIN tract of land, situate in West Nantmeal Township, Chester, County, Pennsylvania, bounded and described as follows, to wit

BEGINNING at the Northeast corner thereof, a point in or near the middle of the public road leading from formerly Lewis Mitts to Brandywine Church, it being a corner of land of the said John E. Pfbler and land of Howard Greist, thence extending along in the said road by land of William F. Browell, South four degrees and thirty minutes East, 120 feet to a point in said road, thence leaving the road, by land retained by John E. Pfabler, South eighty-nine degrees and forty minutes West 207 feet to an iron pin, thence by the same, North four degrees and thirty minutes West 120 feet to an iron pin on line of land of Howard Greist, thence by said land, North eighty-nine degrees and forty minutes East, 207 feet to the place of beginning.

CONTAINING 91.3 perches.

PARCEL NUMBER: ▇▇▇▇▇▇

BEING THE SAME PREMISES WHICH Raymond Shepherd, by Indenture dated 09-04-01 and recorded 09-04-01 in the Office of the Recorder of Deeds in and for the County of Chester in Record Book 5054 page 1297, granted and conveyed unto Vickie L. Nunemaker.

Unofficial Copy

1990012 B: 10634 P: 2264 FSM
09/16/2022 08:52:55AM Page 1 of 2
Rec Fees: $80.75    State: $0.00
Chris Pielli Recorder of Deeds, Chester County, PA



**RECORDER OF DEEDS**



PARCEL NO. ▮▮▮
## PENNSYLVANIA
COUNTY OF **CHESTER**
LOAN NO. ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

WHEN RECORDED MAIL TO:
FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402, PH. 208-528-9895

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt whereof is hereby acknowledged, **FORETHOUGHT LIFE INSURANCE COMPANY** located at C/O GLOBAL ATLANTIC FINANCIAL COMPANY 7 WORLD TRADE CENTER, 47TH FLOOR 250 GREENWICH STREET, NEW YORK, NY 10007, Assignor, does hereby grant, bargain, assign, transfer, convey, and set over unto **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR THE FLIC RESIDENTIAL MORTGAGE LOAN TRUST 1** located at 500 DELAWARE AVENUE 11TH FLOOR, WILMINGTON, DE 19801, Assignee, its successors and assigns, that certain Mortgage dated APRIL 29, 2004 executed by **ALAN R. SHINGLE AND LISA SHINGLE**, Mortgagor, to SOVEREIGN BANK, Original Mortgagee, in the amount of **$183,000.00** and recorded on MAY 05, 2004 in the Office of the Register, Recorder, or County Clerk of CHESTER County, State of PENNSYLVANIA, in Book 6143 at Page 2148 as Document No. 10408204, more particularly described and commonly known as:

AS DESCRIBED IN SAID DEED OF TRUST
Property Address: 277 KILLIAN ROAD, HONEYBROOK, PA 19344
TOWNSHIP OF WEST NANTMEAL

ASSIGNMENT HISTORY:

Assignment previously recorded from SANTANDER BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK to MTGLQ INVESTORS, L.P. recorded on FEBRUARY 18, 2015 as Doc No. 11391565 in Liber/Reel 9058 at Page 1764.

And from MTGLQ INVESTORS, L.P. to FORETHOUGHT LIFE INSURANCE COMPANY recorded on JANUARY 23, 2019 as Doc No. 11649107 in Liber/Reel 9873 at Page 1959.

TOGETHER WITH all rights, title, and interest in and to the premises, accrued or to accrue under said Mortgage.

TO HAVE AND HOLD the same unto Assignee, its successors and assigns, to Assignees proper use and benefit.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed on **MAY 31 2022**.

**FORETHOUGHT LIFE INSURANCE COMPANY, BY RUSHMORE LOAN MANAGEMENT SERVICES LLC, AS ATTORNEY IN FACT**

_____
**CASSANDRA ACOSTA, ASSISTANT SECRETARY**

Case 23-12410-amc Claim 2-1 Filed 01/25/23 Desc Main Document Page 4 of 49
Exhibit - Filed Proof of Claim Page 225 of 401
06/16/2022 08:52:35 AM Page 2 of 2

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF **CALIFORNIA**          COUNTY OF **ORANGE** ) ss.

On **MAY 3 1 2022**          , before me,  **TAMARA SULEA**, a Notary Public, personally appeared **CASSANDRA ACOSTA** who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under Penalty of Perjury, under the laws of the State of California, that the foregoing paragraph is true and correct. Witness my hand and official seal.

**TAMARA SULEA (COMMISSION EXP. 02/12/2025)**
NOTARY PUBLIC

> TAMARA SULEA
> Notary Public - California
> Orange County
> Commission # 2341545
> My Comm. Expires Feb 12, 2025

I do hereby certify that the precise address of the Assignee Residence is:
**WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR THE FLIC RESIDENTIAL MORTGAGE LOAN TRUST 1, 500 DELAWARE AVENUE 11TH FLOOR, WILMINGTON, DE 19801**

**CASSANDRA     ACOSTA,     ASSISTANT SECRETARY**



LOAN NO.

Loan# ███████████

**After Recording Return To:**
Sovereign Bank, N.A.
**Mail Code 10-6438-MD4**
**601 Penn St., Reading,**
**PA 19601**

This document was prepared by  Michele Heck          <u>Thursday, August 16, 2012</u>

Parcel ID ████████████

———————— **[Space Above This Line For Recording Data]** ————————

# SOVEREIGN HOME LOAN MODIFICATION AGREEMENT

Borrower ("I"): ALAN R SHINGLE
Lender ("Lender"): SOVEREIGN BANK, N.A          If Applicable, Successor to:
Date of first lien Security Instrument ("Mortgage") and Note ("Note")          4/29/2004
Loan Number: ███████████
"Property" Address: 277 KILLIAN ROAD          HONEYBROOK          PA    19344

Original Date Recorded          5/5/2004          County:  CHESTER
Book/Instrument/Volume/Liber: 10408204          Page:          6143-2148

    If my representations in Section 1 continue to be true in all material respects, then this Sovereign Home Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.    My Representations.  I certify, represent to Lender and agree:

    A.    I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B.    The Property has not been condemned;

    C.    There has been no change in the ownership of the Property since I signed the Loan Documents;

    D.    I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Sovereign Home Loan Modification program ("Program"));

    E.    Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

    F.    If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

    G.    I Represent, that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to the Agreement

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Loan# ▮▮▮▮▮▮▮▮ ____

2. Acknowledgements and Preconditions to Modification. I understand and acknowledge that:

A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. The Modification. If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified or  8/1/2012   the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on   9/1/2012

A. The New Maturity Date will be:   8/1/2052

B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be   $187,916.41

C. Interest at a rate of   2.000   % will begin accrue on the New Principal Balance as of   8/1/2012   and the first new monthly on the new principal balance will be due on   9/1/2012   My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal + Interest Pmt Amt | Monthly Payment Amount | Total Payment | Payment Begins On | Number Of Monthly Payments |
|-------|---------------|---------------------------|--------------------------------------|------------------------|---------------|-------------------|----------------------------|
| 1-5 | 2.000 | 8/1/2012 | $569.06 | $493.63 Escrow Adjusts after yr 1 | $1,062.69 Adjusts Annually after yr 1 | 9/1/2012 | 60 |
| 6 | 3.000 | 8/1/2017 | $661.11 | Adjusts Annually | Adjusts Annually | 9/1/2017 | 12 |
| 7 | 3.625 | 8/1/2018 | $721.04 | Adjusts Annually | Adjusts Annually | 9/1/2018 | 12 |
| 8 | 3.625 | 8/1/2019 | $721.04 | Adjusts Annually | Adjusts Annually | 9/1/2019 | 12 |
| 9-[40] | 3.625 | 8/1/2020 | $721.04 | Adjusts Annually | Adjusts Annually | 9/1/2020 | 384 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.    If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.    **Additional Agreements. I agree to the following:**

A.    That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.

B.    That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or workout plan that I previously entered into with Lender.

C.    To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.    That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

E.    That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.    That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.    That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows:  If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage.  However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer.  If Lender exercises this option, Lender shall give me notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage.  If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.    That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan.  This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I    That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J    That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K       That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Sovereign Home Loan Modification program.

L.      Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M       That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Modification Agreement by Lender to (a) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (b) companies that perform support services for the Sovereign Home Loan Modification Program; and (c) any HUD certified housing counselor.

N       I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such

In Witness Whereof, the Lender and I have executed this Agreement.

SOVEREIGN BANK, N.A., formerly known as Sovereign Bank

By: _Kathleen M Koslesky_
        Kathleen M Koslesky

COMMONWEALTH OF PENNSYLVANIA, BERKS COUNTY SS

On this, the 30 day of August, 2012, before me, a Notary Public, personally appeared
Kathleen M Koslesky              , who acknowledged himself/herself to be the Vice
President of Sovereign Bank, N.A., a corporation, and that he/she as such Vice President, being
authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the
name of the Corporation by himself/herself as such officer.

Borrower(s) signature(s) following page

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE TOROK, NOTARY PUBLIC
CITY OF READING, BERKS COUNTY
MY COMMISSION EXPIRES OCT. 24, 2013

_Alan R. Shingle_

Borrower: ALAN R SHINGLE                         Borrower: _____

STATE OF _Penna_____

COUNTY OF: _Chester_____  :s.s.:

On this, the __25th__ day of __Aug_____, 2012, before me, a Notary Public, personally
appeared ALAN R SHINGLE_____ and _____ Borrower(s), known
to me (or satisfactorily proven), to be the persons whose names are subscribed to the within instrument
and acknowledged that they executed the same for the purposes here in contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Crystal L. Peterson, Notary Public
Cain Twp., Chester County
My Commission Expires Sept. 3, 2015

_Crystal Peterson_
                                              NOTARY PUBLIC

Loan no: █████████████ .

# ERROR & OMISSIONS/COMPLIANCE AGREEMENT

The undersigned Borrower(s) for and in consideration of the Loan Modification Agreement offered by Lender, its successors and/or assigns in the amount of ___ $187,916.41 __, modifying the original Promissory Note secured by a Security Instrument dated _____ 4/29/2004 ____, agrees to fully cooperate with any reasonable requests made by Lender, or its agent, to correct typographical errors in the Loan Modification Agreement enabling Lender to sell, convey, guarantee or obtain insurance for any investor or institution, including but not limited to, the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any municipal bonding authority, to ensure enforceability of the Loan Modification Agreement. Requests may include, but are not limited to, all changes, corrections, re-execution or modification of any document related to such loan, as may be required.

The undersigned will comply with all requests within thirty days from the date they are made by Lender or its agent. If the Borrower(s) fail to meet his/her/their obligations, Borrower(s) acknowledge liability for all costs including, but not limited to, actual expenses, legal fees, court costs, and marketing expenses incurred by Lender to enforce its rights under the Loss Mitigation Agreement.

Dated effective this          day of          (month), 2012

_Alan R Shingle_

ALAN R SHINGLE          , Borrower                    _____
                                                       Witness

_____          _____
                , Borrower                             Witness

STATE OF _Penna_____ .

_Chester_____ COUNTY SS:

On this, the 25 (day) of Aug          (month), 2012, before me, a Notary Public, personally appeared ALAN R SHINGLE____ and _____, Borrower(s), known to me (or satisfactorily proven), to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purposes here in contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_Crystal Peterson_

                                        NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Crystal L. Peterson, Notary Public
Cain Twp., Chester County
My Commission Expires Sept. 3, 2015

## ADDENDUM TO LOAN MODIFICATION AGREEMENT

I, Lisa Shingle, agree and acknowledge that I signed a Deed of Trust/Mortgage dated 04/29/04 with

Sovereign Bank, N.A.. By signing this Addendum, I am acknowledging that, Alan Shingle, executed a

Loan Modification Agreement which modifies the Deed of Trust/Mortgage dated 04/29/04 and which

secures the entire financial obligation.

_Lisa Shingle_
Lisa Shingle

_Chester_ _____County SS:_          _Alan R Shingle_
Alan R Shingle

On this, the **25** (day) of **Aug** (month), 2012, before me, a Notary Public, personally appeared
**Alan Shingle**, known to me (or satisfactorily proven), to be the persons whose names are subscribed to
the within instrument and acknowledged that they executed the same for the purposes here in contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Crystal L. Peterson, Notary Public
Cain Twp., Chester County
My Commission Expires Sept. 3, 2015

_Crystal L. Peterson_
Notary Public

Sovereign Bank, N.A. hereby acknowledges that Lisa Shingle has no financial obligation with respect to
the Note executed by Alan Shingle on 04/29/04, but acknowledges that she signed the Deed of
Trust/Mortgage dated 04/29/04.

By _Kathleen M Koslosky_
Title: **VP**

COMMONWEALTH OF PENNSYLVANIA, BERKS COUNTY SS:

On this, the **30** day of **August** , **2012**, before me, a Notary Public, personally
appeared _Kathleen M Koslosky_ , who acknowledged himself/herself to be a
**VP** of Sovereign Bank, N.A., a corporation, and that he/she as such
officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained
by signing the name of the Corporation by himself/herself as such officer.

_Christine Torok_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINE TOROK, NOTARY PUBLIC
CITY OF READING, BERKS COUNTY
MY COMMISSION EXPIRES OCT. 24, 2013

Sovereign Bank, N.A. Loan #: ▓▓▓▓

Form No. 1068-2
ALTA Plain Language Commitment

Commitment No.:
Page Number:

## Schedule "C"

ALL THAT CERTAIN tract of land, situate in West Nantmeal Township, Chester, County, Pennsylvania, bounded and described as follows, to wit

BEGINNING at the Northeast corner thereof, a point in or near the middle of the public road leading from formerly Lewis Mitts to Brandywine Church, it being a corner of land of the said John E. Pfaler and land of Howard Greist, thence extending along in the said road by land of William F. Browell, South four degrees and thirty minutes East, 120 feet to a point in said road, thence leaving the road, by land retained by John E. Pfabler, South eighty-nine degrees and forty minutes West 207 feet to an iron pin, thence by the same, North four degrees and thirty minutes West 120 feet to an iron pin on line of land of Howard Greist, thence by said land, North eighty-nine degrees and forty minutes East, 207 feet to the place of beginning.

CONTAINING 91.3 perches.

PARCEL NUMBER:

BEING THE SAME PREMISES WHICH Raymond Shepherd, by Indenture dated 09-04-01 and recorded 09-04-01 in the Office of the Recorder of Deeds in and for the County of Chester in Record Book 5054 page 1297, granted and conveyed unto Vickie L. Nunemaker.

10408204
Page 3 of 3
B-6143 P-2148

First American Title Insurance Company